## S. Strauss & Co. v. Jones' Executors.

When credit is given to an agent, or partner acting for his firm, who does not disclose his agency at the time he contracts the debt, and the creditor afterwards discovers the agency, the creditor may hold the principal or firm liable for the debt; and the fact that the goods are charged up against the agent or acting partner only does not affect the case.

Error from Matagorda.   Tried below before the Hon. William H. Burkhart.

This is a suit brought against Caroline Jones, Executrix of the estate of George D. Jones, and Asa Stratton, Jr., executor *de bonis non* of the estate of Albert C. Jones, on a mercantile account against the partnership of George D. and Albert C. Jones.   It appears that the goods were purchased by and charged up against George D. Jones individually, but they were purchased on account of and used by the partnership.

Asa Stratton, Jr., executor of the estate of A. C. Jones,

denied his liability, and on a trial of the case, verdict and judgment were rendered in his favor; from which judgment plaintiff prosecutes this writ of error. There appears to be no controversy about the fact of partnership, and all of the evidence tends to show that the goods were purchased on account of and used by the partnership.

*D. E. E. Braman,* for the plaintiffs in error.

*Henry Thorp,* for defendant in error.

WALKER, J. The evidence of the juror Thompson being properly ruled out, there is not one word of evidence to support the verdict of the jury. The statement of facts is made and certified by the judge, and is, no doubt, quite as full and correct as such statements are usually made.

The verdict is not merely against the weight of evidence, but is against all the evidence.

The fact that Bear made the original entries in the books of Strauss & Co., against G. D. Jones, explained as it is by him, is no evidence for the defendant Stratton.

Where credit is given to an agent, or partner acting for his firm, who does not disclose his agency at the time he contracts the debt, and the creditor afterwards discovers the agency, and that the goods were purchased for the benefit of the principal or firm, the creditor may hold the firm or principal bound for the debt.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.