## DALLAM COUNTY v. S. H. SUPPLY CO. et al. (No. 6756.)†

(Court of Civil Appeals of Texas. Galveston. April 30, 1915. Rehearing Denied May 20, 1915.)

1. APPEAL AND ERROR ☞301, 759—ASSIGNMENTS OF ERROR—WAIVER.

Under the express provisions of rule 101a for the district and county courts (159 S. W. xi) and rule 29 for the Courts of Civil Appeals (47 S. W. v), assignments of error not specified in a motion for a new trial, or in the assignments of error when a motion for new trial is not filed, or not copied into the brief, are waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755, 3094; Dec. Dig. ☞301, 759.]

2. APPEAL AND ERROR ☞719 — REVIEW — FINDINGS.

A finding not attacked by any assignment of error must be adopted as conclusive by the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

---

3. PROPERTY ☞9 — TITLE — ACTION TO ENFORCE LIEN—SUFFICIENCY OF EVIDENCE.

Evidence in a suit to enforce liens against well-driving machinery sold to a contractor with defendant county *held* sufficient to support a finding that the machinery belonged to the contractor, and not to the county.

[Ed. Note.—For other cases, see Property, Dec. Dig. ☞9; Evidence, Cent. Dig. § 2457.]

4. APPEAL AND ERROR ☞877—WHO MAY ALLEGE ERROR—ERROR AS TO COPARTIES.

In a suit against a county and its contractor on notes of the contractor secured by mortgages on well-driving machinery sold to him by plaintiff, where the county by its answer claimed to own the machinery, and reconvened, praying that the title and possession thereof be adjudged to be in it, it could not object, on appeal, to a judgment against it on the ground that the widow and minor sons of the contractor, who had been substituted for him, and against whom the mortgage liens were foreclosed, were not properly made parties to the suit; since, where they did not appeal, the county could not, on appeal, question the validity of the judgment as against them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. ☞877.]

5. PRINCIPAL AND AGENT ☞145 — UNDISCLOSED PRINCIPAL—LIABILITY.

One extending credit to an agent, in ignorance that he is acting as such, may, on discovery of the undisclosed principal, hold such principal, especially where the principal has accepted benefits under the contract; and the fact that the charge was made only against the agent is immaterial.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 528–533; Dec. Dig. ☞145.]

6. PRINCIPAL AND AGENT ☞188 — UNDISCLOSED PRINCIPAL—PARTIES—AGENT.

In an action to enforce chattel mortgages on goods bought by a contractor as for himself, where the county with which he had contracted claimed to have been the principal, the agent was not a necessary party to an adjudication of the issues between plaintiff and the county.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 711, 712; Dec. Dig. ☞188.]

7. PRINCIPAL AND AGENT ☞146 — UNDISCLOSED PRINCIPAL—LIABILITY OF AGENT.

An agent who contracts in behalf of an undisclosed principal may be held liable by the person with whom he deals as though he himself were, in fact, the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527; Dec. Dig. ☞146.]

8. COUNTIES ☞215—ACTIONS AGAINST—VENUE—PLEA OF PRIVILEGE—WAIVER.

A county made a defendant in a suit in another county against its contractor on notes secured by chattel mortgages on well-driving machinery sold to such contractor, which did not plead its privilege to be sued in its own courts, nor rely upon the want of jurisdiction of the court of the other county, and which reconvened, asking for affirmative relief, thereby waived its plea of privilege.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 345; Dec. Dig. ☞215.]

9. COUNTIES ☞213—ACTION AGAINST COUNTY—CONDITIONS PRECEDENT—PRESENTATION OF CLAIM.

Rev. St. 1911, art. 1366, prohibiting suits against a county, unless the claim on which suit is founded shall have first been presented to the commissioners' court for allowance, had no application to a suit against a county solely to bind it as to the title to property sold to its contractor, and by him mortgaged to plaintiff; and, on the ground also that the county asked for affirmative relief, it was not necessary for plaintiff to present its claim for allowance.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 342, 343; Dec. Dig. ☞213.]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Suit by the S. H. Supply Company against Dallam County, W. J. Miller, W. B. Slaughter, and others, with a cross-bill by Dallam County against defendants Miller and Slaughter. Judgment for plaintiff and Slaughter against Miller and Dallam County, and the County appeals. Affirmed.

Smith, Crawford & Mead, of Beaumont, and J. E. Synnott, of Waco, for appellant. Lipscomb & Lipscomb, of Beaumont, for appellee S. H. Supply Co. Townes & Townes and R. E. Hardwicke, all of Beaumont, for appellee W. B. Slaughter.

LANE, J. On June 19, 1911, one W. J. Miller entered into a written contract with the commissioners' court of Dallam county, Tex., appellant herein, as follows:

"The State of Texas, County of Dallam.

"This agreement made and entered into on this the 19th day of June, A. D. 1911, by and between the commissioners' court of Dallam county, Texas, party of the first part, and W. J. Miller, party of the second part, witnesseth:

"(1) That, in consideration of the matters hereinafter set out, party of the second part agrees to construct a well 3,000 feet deep, subject to the provisions hereinafter set out, for the sum of six dollars per foot, said well to be constructed in Dallam county, Texas, at any point designated by party of the first part, said well to be properly cased throughout with heavy steel casing, six inches in diameter, inside measure. And party of the second part agrees to furnish material, including all machinery, piping and other merchandise, as well as labor, necessary to the construction of said well, at his own expense, and agrees to begin work on said well not later than August 1, 1911, and to complete said well as soon thereafter as practicable.

"(2) That, in consideration of the matters hereinbefore stated and hereinafter stated, party of the first part agrees to pay party of the second part the sum of six dollars per foot for the construction of the well hereinbefore mentioned, subject to the condition hereinafter set out.

"(3) Party of the second part agrees that in the event gas, oil, or artesian water is found at a depth less than 1,000 feet, and should party of the first part desire to have no greater depth bored, he will cease boring upon payment to him of the sum of six thousand dollars.

"(4) It is mutually agreed that the payments on said well are to be made as follows: When 1,000 feet shall have been bored, there shall be paid the sum of $4.20 for each foot bored, and as each succeeding 100 feet shall be bored a like amount shall be paid, and the remainder shall be paid when said well is completed.

"(5) Party of the first part agrees to pay, on the execution of the bond hereinafter mentioned, the sum of $3,000, which is to be credited on such amount as may be due party of the second part, under this contract, when said well is completed; and upon the completion of said

well party of the first part agrees to sell, and party of the second part agrees to purchase, the well machine used, at a price to be determined by one party to be chosen by party of the first part, and one party to be chosen by party of the second part, and one party to be chosen by both of the parties so chosen, and to allow party of the first part credit for such amount as may be thus agreed upon.

"(6) Party of the second part agrees to enter into bond in the sum of $15,000, to be approved by party of the first part, conditioned on the carrying out of this contract.

"Executed in triplicate this the 19th day of June, A. D. 1911.

"C. S. Harrington, County Judge,
"S. H. Tritt, Commissioner,
"P. T. Frederick, Commissioner,
　　　　"Party of First Part.
"W. J. Miller,
　　　　"Party of the Second Part."

Miller executed the bond provided for in said contract, and thereupon he was paid by Dallam county the $3,000, as provided by section 5 of said contract. About the 1st day of July, 1911, after receiving the said $3,000 under said contract, Miller went to Beaumont and purchased from S. H. Supply Company machinery and other things, including the well rig in question in this suit, paying and promising to pay therefor $3,161.14. He paid $1,500 in cash, and executed his note, or notes, for about $1,200 for a part of the balance of said purchase money, and made other purchases from other parties in Beaumont, paying cash therefor. When he purchased said machinery he told Mr. Boykin, the salesman, that the purchase was for himself and upon his own responsibility. This machinery was shipped to, and received by, Miller in Dallam county about August 1, 1911, and he began the boring of the well mentioned in said contract about that time. On December 11, 1911, Miller executed and delivered his promissory note for the sum of $1,232.71 to the First National Bank of Dalhart, Tex., and gave a mortgage on the property involved in this suit to secure the payment of said note. This note was later transferred to, and became the property of, W. B. Slaughter, a party to this suit. There was still due and unpaid on this note about $700 at date of trial of this case. On the 26th day of December 1911, Miller's indebtedness to S. H. Supply Company had been reduced to $822.85, for which sum he executed and delivered his note to said Supply Company, and also executed and delivered to said company a mortgage on the property in question to secure the payment of said note. Both of said mortgages were promptly and properly filed for record. The note due to the S. H. Supply Company became due, and by its original petition it entered this suit on September 3, 1912, against W. J. Miller in the district court of Jefferson county, at Beaumont, to recover the balance due on said note and for a foreclosure of its mortgage lien on the property in question. After Miller had waived issuance of citation and entered his appearance, the S. H. Supply Company learned that W. B. Slaughter and appellant, Dallam county, were making some claim to, or right in, said property in question, and therefore they were made parties defendant to said suit.

On the 7th day of October, 1912, appellant, Dallam county, filed its original answer, and, among other things, alleged as follows:

"And, further answering herein, this defendant says that at the time the mortgage described in plaintiff's petition was executed by said Wm. J. Miller, and at all times since said date, including the present time, the rotary well-drilling outfit and well-drilling machinery referred to and described in plaintiff's petition was and is the property of this defendant the said county of Dallam; that, if any mortgage was executed by said Wm. J. Miller in favor of plaintiff covering or attempting to cover said well-drilling outfit and machinery, such mortgage was so executed without knowledge of or authority by this defendant. This defendant further says that the mortgage given by said Wm. J. Miller, if any, as set forth in plaintiff's petition, constitutes a cloud on this defendant's title to said property; and, further, that said Wm. J. Miller is at present to be found in said Dallam county, Tex. Wherefore this defendant prays that said Wm. J. Miller be cited to appear and answer this defendant's action in terms of law, that on final hearing hereof said mortgage be adjudged void and held for naught, so far as the same affects and attempts to affect the property of this defendant as hereinbefore set out, that the title of this defendant to its said property be quieted as against the plaintiff and each of the other defendants herein, and this defendant prays for such other and further relief, special and general, as it may be entitled to in law and in equity."

Dallam county also pleaded that Miller was its agent in the purchase of said machinery, and by its first amended answer on December 6, 1912, it pleaded as follows:

"And, specially answering herein, this defendant further says that at the time the mortgage referred to in plaintiff's petition and the mortgage referred to in the other defendant's answer were executed the well rig and machinery in said petition mentioned was the property of the defendant Dallam county, Tex., and that said property is now, and at all times subsequent to the date of said mortgage was and has been, the property of this defendant, and that said mortgages are null and void; that the terms of purchase of said well rig and machinery are set forth in statement marked Exhibit A, and are made a part and parcel of this amended answer. Wherefore this defendant prays that plaintiff and the other defendants herein take nothing by this suit as against this defendant, and that the title to said property be quieted in this defendant, that this defendant go hence without day and recover of the other parties herein all costs in this behalf expended, and for such other and further relief as it may be entitled to in law and in equity."

W. B. Slaughter answered setting up his note and mortgage, and praying for judgment and foreclosure.

On July 10, 1913, Supply Company suggested the death of W. J. Miller, and alleged that Mrs. W. J. Miller, widow of W. J. Miller, and Alfred and James Miller, the minor children of W. J. Miller, were the legal representatives of W. J. Miller, deceased, and that they lived in the state of Arizona, and had them made parties to the suit; proper notice being given to said parties.

On December 22, 1913, appellee Supply

Company filed its second amended petition, and, after repeating the allegations of its former petition, made additional alternative plea and prayer, to wit:

"And, further pleading in the alternative, plaintiff shows that, if Dallam county has any claim upon said property, it arises from its being the undisclosed principal of the said Wm. J. Miller in the purchase of said machinery and piping, and that said county is in that case still obligated and bound to pay plaintiff's claim, which is for part of the purchase price thereof. * * *

"And, further pleading in the alternative, comes now the S. H. Supply Company, and says that, if it be mistaken in the foregoing allegations, and if it should appear that the county of Dallam has any right or title to the property herein involved, or in any part of it, then the plaintiff, S. H. Supply Company, complains of the said county of Dallam and of all the other parties hereto, and shows that heretofore, to wit, on or about the 17th day of July, 1911, it sold and delivered to said Wm. J. Miller the property herein involved and other property to the amount of $2,427.07 agreed price, whereof there remained unpaid and due to plaintiff on the 26th day of December, 1911, the sum of $822.85; that same was purchased by the said Wm. J. Miller in his own name, but he was, in fact, acting in said transaction for the said county of Dallam, which, under the terms of its contract with the said Miller, had undertaken to furnish money for purchase thereof, and thereafter to sell same to the said Wm. J. Miller; that a copy of said contract is hereto attached and made a part hereof; that afterwards, and as part of said transaction, and before plaintiff discovered that Dallam county was the purchaser of said property from it, and, to wit, on the 26th day of December, 1911, the said Miller gave to plaintiff a chattel mortgage covering, among other things, the rotary well-drilling outfit and piping so sold by plaintiff, and same being the outfit, well machinery, tools, engines, pipe, and appurtenances used by said Miller in drilling the well referred to in said contract, whereby the plaintiff acquired a lien upon said property for securing payment of the said balance due it. Wherefore plaintiff prays judgment against said county of Dallam for said sum of $822.85, and interest and costs of suit, and all such other relief as in law and equity the plaintiff is entitled to."

On January 2, 1914, for the first time Dallam county filed its plea of privilege to be sued in Dallam county.

On the same date, January 2, 1914, appellant, Dallam county, abandoned its other answers, except perhaps its plea of privilege, and filed in lieu thereof its second amended answer, on which it went to trial. In this amended answer Dallam county excepted generally (1) to the petition of both the S. H. Supply Company and W. B. Slaughter, appellees, insisting that neither of them show any cause of action against Dallam county; (2) to so much of the alternative plea of S. H. Supply Company as sets up and prays for judgment against Dallam county for the balance of unpaid purchase money for the well rig and machinery which Dallam county alleges was bought by Miller for it, as its agent, because said plea does not show that its claim for such balance was presented to the commissioners' court for payment as required by law in such cases, and because the suit of said Supply Company was against W.

176 S.W.—51

J. Miller for the balance of the purchase money for said property, and also against Dallam county, as undisclosed principal of Miller, on the theory that Miller was the agent of Dallam county, and that therefore Dallam county is liable for said unpaid purchase money, and that said Supply Company should be required to elect whether it will sue Miller's representatives or Dallam county for its claim; that it could not sue both by alternative allegations and prayer. These exceptions were overruled by the court.

In said amended answer Dallam county, further pleading, repeated the allegations of its former pleas to the merits of the cause, and also repeated its prayer for affirmative relief, and further pleaded that, if the Supply Company ever had any cause of action, as claimed in its alternative plea, said cause of action is barred by the statute of limitation of two years.

Mrs. Miller made no answer. Alfred and James Miller, minors, through their guardian ad litem appointed by the court, pleaded general denial only.

There were other parties defendants who were disposed of by the judgment of the court, but, as it is unnecessary to further mention them in this opinion for a proper disposition of this appeal, no further mention of them will be made herein.

The cause was tried before the court without a jury, and judgment was rendered establishing the debts of the S. H. Supply Company and W. B. Slaughter and foreclosing their liens against the property in question, respectively, as against Mrs. W. J. Miller, Alfred Miller, and James Miller, as representatives of W. J. Miller, deceased, and also foreclosing said liens as against the claim of Dallam county. From this judgment Dallam county alone has appealed.

By appellant's first assignment of error in its brief insistence is made: First, that there was no sufficient evidence to support the judgment rendered; and, second, that the undisputed proof was that the property in question was when bought (by Miller) to be the property of Dallam county.

[1, 2] In support of the judgment rendered we here copy the substance of the court's fourth finding of fact as stated in appellant's brief:

"Paragraphs Nos. 1 and 5 of the contract, in so far as they relate to the subject of which one of the parties thereto was to furnish the machinery for boring the well, are ambiguous. The latter part of paragraph 1 in said contract specifically put that burden upon W. J. Miller, while in paragraph 5 it would seem that it was contemplated that Dallam county was to furnish the drilling machinery, and after the completion of the well the said Miller was to purchase the same, at its then value, and allow the county a further credit of the balance due Miller upon completion of the well.

"The court finds, as a matter of fact, in construing said contract, that the $3,000 paid W. J. Miller was not advanced to him to purchase machinery, but was advanced to him as a credit on his contract, and the court deduces from this that the machinery, when purchased,

belonged to Miller, and not to Dallam county, and Miller had the right to give a mortgage on it, which would be valid as against Dallam county."

There is no assignment in the record·nor in appellant's brief attacking the above finding of fact, and, in the absence of such assignment, we must adopt such findings as conclusive, and in doing so we must hold that the findings there stated support the judgment rendered.

The court trying this cause adjourned on the 31st day of January, 1914. Appellant's amended motion for new trial was filed January 30, 1914, and the same was overruled, and judgment became final on January 31, 1914. The trial judge filed his findings of fact and conclusions of law January 31st, the last day of the term of court.

Rule 101a adopted by the Supreme Court for the district and county courts of Texas (159 S. W. xi) provides:

"In all cases in which a motion for a new trial is filed the assignments contained in such motion or amended motion as finally ruled upon by the trial court shall constitute the assignments of error. All assignments not distinctly specified in such motion, or in the assignments of error where a motion for new trial is not filed, shall be waived."

Rule 29 for the Court of Civil Appeals provides (47 S. W. v) that any assignment not copied in the brief of the party filing such assignment shall be regarded as abandoned.

As before stated, we find no assignment attacking the court's fourth finding of fact in appellant's motion for new trial, or otherwise, although said finding of fact was filed during the term of the court. Therefore we must hold that the trial court's finding of fact, here presented as error, is binding on this court.

[3] If, however, we should consider the fact finding of the court as properly attacked, and go to the statement of facts filed with the record, we find ample evidence to support the court's finding. The first clause of the contract of Dallam county with Miller, copied herein, specially provides that Miller shall furnish all machinery, piping, and all other material necessary in constructing the well to be bored, at his own expense. And the fifth clause provides that as soon as Miller should execute the bond provided for in the contract Dallam county would pay Miller $3,000, which was to be charged to him, and for which Dallam county was to have a credit on such amount as might be due Miller, when said well was completed. E. L. Boykin, who sold the machinery involved in this suit to Miller, testified that Miller told him that he was buying the same for himself and on his own responsibility. E. T. Adair testified that on December 11, 1911, Miller told him that he.(Miller) was the sole owner of the property in question, and that there was no lien or incumbrance on the same at that time. The mortgages given by Miller also recite that said property was owned by him in his

own right and free from incumbrances. While the court might have been warranted, from evidence offered by appellant, in finding that the property was owned by Dallam county, he was not bound to so find when there was ample evidence, as we think there was, to support a contrary finding. Therefore appellant's first assignment is overruled.

[4] Appellant's second assignment is to the effect that the court erred in overruling its general demurrer to the petition and answer respectively, of appellees Supply Company and Slaughter, and in rendering judgment establishing the debts and liens of said Supply Company and Slaughter: (1) Because the petition of the appellee Supply Company making Mrs. Miller and Alfred and James Miller parties to the suit after the death of W. J. Miller, the original defendant, does not allege that there was no administration pending on the estate of said W. J. Miller, deceased, or that there was no need for such administration, or that said parties were all the heirs of said W. J. Miller, or that said parties received any portion of said Miller's estate, or that they are in any way liable for said Miller's debts, and therefore there was no proper party before the court against whom judgment might be taken for Miller's debt, and therefore no judgment upon which to base a foreclosure of the mortgage liens of the Supply Company and Slaughter as against Dallam county; (2) because Slaughter's answer is subject to the same objection as those urged against the petition of the Supply Company; (3) because there was no proof showing that there was no administration or necessity for such administration upon the estate of W. J. Miller, or that Mrs. Miller, Alfred Miller, and James Miller received any property of W. J. Miller's estate, or that they were in any manner liable for the debts of W. J. Miller, and therefore no judgment for W. J. Miller's debts could legally be rendered against them.

As heretofore stated, the appellee Supply Company originally brought this suit against W. J. Miller during his lifetime to recover upon a note executed by him and to foreclose a mortgage lien given by Miller upon the property involved in this suit to secure said note. After Miller had waived the issuance of citation and entered his appearance he died before judgment; thereafter his widow and two minor sons were made parties defendant as the legal representatives of his estate, and judgment was then entered establishing the debts of appellees Supply Company and W. B. Slaughter, who was made a party defendant to the suit by the plaintiff, and their respective mortgage liens were foreclosed upon the property involved herein. No personal judgment was rendered against either of the Millers, but the mortgage liens were foreclosed as against them, and also as against the appellant. Whether the judgment establishing the debts of the Supply Company and Slaughter, and

foreclosing their respective liens on the property in question, as against the estate of W. J. Miller, deceased, is valid and has the effect intended, is not a question in which appellant is concerned, and one not properly presented by this appeal. See Slaughter v. Dallas, 103 S. W. 218; Herndon v. Bremond, 17 Tex. 422. Neither Mrs. Miller, Alfred Miller, nor James Miller have appealed from such judgment, and, in view of the nature and status of this case as made by the pleadings of all parties, we do not think Dallam county is in a position to raise the question here presented for our decision on this appeal. It must be kept in mind that appellant Dallam county by its answer claimed to own the property in question, and reconvened in this suit, and prayed that the title, and possession of said property be adjudged to be in it, and that it be quieted in its said title and possession, and, having thus chosen to litigate the question of ownership of said property as between it and appellees, who were claiming liens upon the property, cannot defeat the judgment of the trial court against it on the plea that Mrs. Miller and her minor sons were not properly made parties to this suit, and that such judgment as was rendered against them is error. See Slaughter v. City of Dallas, 103 S. W. 218; Herndon v. Bremond, 17 Texas, 432; Lauchheimer & Son v. Coop, 99 Texas, 386, 89 S. W. 1061, 90 S. W. 1098; Rainbolt v. March, 52 Texas, 246.

[5-7] There is another reason why the second assignment should be overruled. Dallam county pleaded that, when Miller bought the property in question, he did so for, and as the agent of, said Dallam county, and the evidence offered by said county was all to the same effect. If this plea and evidence is true, said county was the undisclosed principal of Miller in the purchase of the property. There was unpaid on said property the sum of $822, for which Miller, the agent, executed the note sued upon by the Supply Company. Dallam county, being such undisclosed principal, was primarily liable for said unpaid purchase money, and could have been sued for the same without the necessity of making Mrs. Miller and her two minor sons, Alfred and James Miller, parties to the suit. They were not necessary parties in the adjudication of the issues between the Supply Company and Dallam county as made by the cross-bill of said county, in which it set up claim to the property, and prayed that the mortgages of the Supply Company and Slaughter be declared void, and that its title to said property be quieted. By appellant's cross-bill it disclosed that it was the principal in the transaction between Miller and the Supply Company, and entered the suit in the attitude of a plaintiff. When credit is given to an agent acting for his principal, who does not disclose his agency at the time he contracts the debt, and the creditor afterwards discovers the agency, the creditor may hold the principal liable for the debt; and the fact that things sold are charged up against the agent only does not affect the case. Strauss v. Jones' Executors, 37 Tex. 313; Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Sessums v. Henry, 38 Tex. 37; Heffron v. Pollard, 73 Tex. 100, 11 S. W. 165, 15 Am. St. Rep. 764.

An agent who contracts in behalf of an undisclosed principal may be held liable by the person with whom he deals, as though he himself were, in fact, the principal. The liability of the agent is not, however, exclusive, for, although the third person extended credit to the agent in ignorance of the fact that the latter was acting in a representative capacity, he may hold the undisclosed principal when discovered; it being a firmly established rule that an undisclosed principal is bound by executory simple contracts made by the agent. Especially is this true when the principal accepts benefits under the contract of the agent with third persons.

[8] Appellant's third assignment insists that the court erred in overruling the plea of privilege to be sued in the district court of Dallam county, because, under the laws of this state, a county can only be sued in one of the courts within the boundary of said county. The contention of appellant is that section 19 of article 1830, Revised Statutes, which provides that suits against counties shall be brought in the courts of the county sued, is a statute fixing the jurisdiction of the court, and that no court outside of the county sued has jurisdiction to try a case against said county, except as specially provided by law, and therefore the district court of Jefferson county was without jurisdiction to try this cause as to Dallam county.

For the purpose of disposing of the question as to whether the court erred in overruling appellant's plea of privilege in this case, it is not necessary that we should express an opinion as to whether section 19 of article 1830, supra, is one fixing jurisdiction or one fixing venue only. Appellant, Dallam county, was brought into this suit as a defendant to show cause, if any it had, why plaintiff, the Supply Company, should not be permitted to foreclose its mortgage lien on the property in question. It had the right to either plead its privilege to be sued in Dallam county or to rely upon the want of jurisdiction in the district court of Jefferson county to try said cause as to it, but it did neither.

On October 7, 1912, Dallam county filed its plea in reconvention in the district court of Jefferson county, setting up claim of title to the property involved in the suit, and prayed that plaintiff's mortgage be adjudged void, and that it have judgment of the court as against the Supply Company, and against all

defendants, quieting its title to said property, thus invoking the jurisdiction of the court, not as a defendant only, but praying for affirmative relief, and not until the 2d day of January, 1914, did it file its plea of privilege. By filing its plea in reconvention asking for affirmative relief Dallam county waived its privilege to be sued in Dallam county, and the court did not err in so holding and in overruling its plea of privilege.

"Even though Dallam county might have had the right, as a defendant, to be sued in Dallam county, yet, when it becomes a plaintiff, and selects the forum in which it desired to prosecute its suit, it is bound by such selection, as would be any other plaintiff."

In the case of Kolp v. Shrader, 131 S. W. 860, the Court of Civil Appeals, speaking through Judge Hodges, says:

"While the defendant does not waive a plea of privilege by pleading generally to the merits subject to the plea, his plea of privilege is waived by the filing of a cross-action demanding affirmative relief."

[9] The fourth assignment insists that the trial court erred in overruling Dallam county's general demurrer to the petition of plaintiff Supply Company, and the answer and cross-bill of W. B. Slaughter, because neither of such pleadings alleges that the claim urged by said parties for a lien upon the property in controversy as against Dallam county was presented to Dallam county for its allowance or rejection before the suit was filed seeking to foreclose the lien, and to subject said property claimed by Dallam county to the payment of their debts.

We do not think that the provisions of article 1366, Revised Statutes 1911, prohibiting suit against a county unless the claim on which suit is founded shall have first been presented to the commissioners' court for allowance, have any application to such action as brought by the Supply Company in this case. "The actions of the Supply Company and W. B. Slaughter as against Dallam county were not for the purpose of establishing a money demand against the county, but were brought solely for the purpose of binding the county as to the title to the property mortgaged, and therefore it was not necessary for them to present any claim to the commissioners' court for allowance." And, besides, Dallam county having asked for affirmative relief, it was not necessary for the Supply Company or Slaughter to present their claims to the commissioners' court for allowance. Bowie County v. Powell, 66 S. W. 237; Trinity County v. Vickery, 65 Tex. 554. Therefore we overrule the fourth assignment.

We have disposed of all of the assignments, and, finding no such error, if any, in the trial of this case, nor in the judgment rendered, as should require a reversal of the judgment of the court below, it is in all things affirmed.

Affirmed.