## KILGORE DAILY NEWS, Inc., v. MEREDITH, County Judge, et al.

### No. 3853.

Court of Civil Appeals of Texas. El Paso.

June 1, 1939.

Herbert Finkelstein, of Kilgore, for plaintiff in error.

Stinchcomb, Kenley & Sharp and Claude Williams, all of Longview, for defendant in error in trial court.

HIGGINS, Justice.

The plaintiff in error brought this suit in the District Court of Gregg County against various officers of Gregg County, to-wit, the County Judge, the members of the Commissioners' Court, the County Clerk, County Auditor, and County Treasurer. A general demurrer to the petition was sustained, and judgment thereon followed.

The material facts disclosed by the petition may be briefly stated as follows: On December 1, 1936, plaintiff recovered a judgment against Gregg County for $200, with interest, in the Justice's Court of Precinct No. 6 of Gregg County. On December 13, 1936, the Commissioners' Court of the County entered an order approving the judgment for payment, ordering the same paid, and the County Clerk was directed to issue voucher to cover. In February plaintiff presented the judgment to the County Treasurer for classification and registration, and the Treasurer arbitrarily refused to classify or register the claim. Plaintiff then presented the judgment to the County Clerk, who arbitrarily refused to classify or register the same or file the same as a claim against the County or to issue a warrant to cover. Plaintiff then again presented its judgment to the Commissioners' Court, and on February 14, 1938, the Commissioners' Court rejected the claim. Since December 1, 1936, the County has at all times had available sufficient funds to pay the judgment, and it now has on hands sufficient funds to pay the same out of its general funds and other funds.

Attached to plaintiff's petition and made a part thereof is a copy of the judgment rendered in the Justice Court. Its recitals show the parties appeared by their attorneys of record, naming them, and announced ready for trial and agreed, in accordance with Article 2399, R.S., upon A. W. Parshley to act as Judge in the cause and try the same on account of the absence from the precinct of the regular Justice of the Peace. The judgment shows the attorneys of record submitted the case to the Court without a jury, and the Court heard the pleadings, evidence and argument of counsel and held the plaintiff should recover, and rendered judgment for $200, with interest.

Plaintiff prayed for a writ of mandamus against the various defendants in their official capacities to compel the payment of the judgment.

The defendants in error have not briefed the case, and we are not advised of the theory upon which they urged the general demurrer to the petition.

The plaintiff in error in its brief assumes the demurrer was sustained because the suit was filed and judgment rendered in Justice of the Peace Precinct No. 6, instead of Precinct No. 1, where the county seat of Gregg County is situate. Plaintiff in error asserts the trial court ruled the Justice's Court of Precinct No. 6 had no jurisdiction of the suit against the County because subsection 3 of Article 2390, R.C.S., provides that suits against

counties must be brought in such county and in the precinct in which the county seat is situated.

In our opinion the subsection mentioned is not a jurisdictional statute, but one of venue, conferring upon counties the privilege of being sued in Justice Court cases in the county and in the precinct where the county seat is situate. It corresponds to subsection 19 of Article 1995, R.S., which provides that district and county court suits against a county shall be brought within such county.

In Dallam County v. S. H. Supply Co., Tex.Civ.App., 176 S.W. 798, Dallam County was joined as a party defendant in a suit filed in Jefferson County. Dallam County filed a cross-action, and it was held by so doing it waived its privilege of being sued in Dallam County.

We are of the opinion that Gregg County, by entering its appearance in the suit filed in Justice Precinct No. 6 of the County and proceeding to trial of the case upon its merits, without asserting or claiming its privilege of being sued in Precinct No. 1, thereby waived such privilege. Dallam County v. S. H. Supply Co., supra; Dickson v. Scharff, Tex.Civ.App., 142 S.W. 980; Martin v. Kieschnick, Tex.Com. App., 231 S.W. 330. The Court erred in sustaining the demurrer.

Reversed and remanded