EDWARD PRINCE v. ALLEN THOMPSON.

A memorandum appended to a note, in the petition, was alleged to be an agree_
ment, made at the time of the execution of the note by the maker, and judg-
ment by default was rendered according to the tenor of said memorandum,
there being no statement of facts or bill of exceptions, the question whether
or not the cause of action was liquidated and proved by an instrument in
writing, was presumed to have been decided correctly by the Court, being
properly pleaded.

And whether the cause of action, as set out in the petition, be regarded as one
instrument or as two, made at the same time, about the same matter, by the
same parties, and therefore being parts of the same transaction, the judg-
ment by default must be sustained.

Appeal from Smith.　Tried below before Hon. R. A. Reeves.

Suit upon a note, under the signature of which was a memo-
randum in the following words: "If not punctually paid
when due to draw ten per cent. interest," which is alleged to
be an agreement made at the time of the execution of the
note.　The appellant failing to answer a judgment by de-
fault was rendered for the amount of the note, with ten per
cent. interest.

Motion for new trial overruled.　There is no statement of
facts or bill of exceptions.　The judgment for interest at ten
per cent. was assigned as error.

*Tignal W. Jones*, for appellant.

*Donley & Anderson*, for appellee.

ROBERTS, J.　Had the petition presented the whole cause
of action as a note, executed by Prince, though not signed at

the bottom of but at a place in the instrument preceding one and the last sentence thereof, the case would have clearly come under the rule laid down in Fulshear v. Randon, (18 Tex. R. 275,) and the judgment by default would have been good.

It is stated first that Prince executed a note, which is set out, and it is then added, " to which note is appended the following agreement, made at the time of the execution of said note : " If not punctually paid, when due to draw ten per cent. interest." It is not expressed whether Prince signed and delivered this agreement or not, the most natural deduction is that he did. As it is alleged to be an agreement appended to the note, it must have have been in writing, and as it is alleged to have been made at the time, of the execution of the note, it must be understood to have been made by Prince, in the usual way of making written agreements, by signing them. Thus the matter stands upon the face of the petition. and as there is no statement of facts or bill of exceptions, the judgment being by default, the question of whether or not the cause of action was liquidated and proved by an instrument. will be presumed to have been decided correctly by the Court, being properly alleged. (Hart. Dig. Art. 812.)

Again, these cotemporaneous and connected instruments are charged to have been executed and made by Prince, and not alleged to be lost or destroyed, and that being the case, the Statute requires that " such note or instrument, in writing, shall be received as evidence without the necessity of proving its execution," unless the execution be denied under oath. &c. (Hart. Dig. Art. 741.) If a party then is charged with having executed an agreement in writing, upon which the suit is founded, in whole or in part, and he appears in Court to defend the suit, he will not be heard to question his having made such an agreement, unless he denies it under oath.

Now, suppose the Court below had understood both of these
Vol. XXI. 32

instruments to be but one instrument, and so intended by the parties, which is a reasonable conclusion, notwithstanding the mode of separate description adopted in the petition, then Prince could not have resisted a judgment had he appeared and defended, unless he had denied the execution of the instrument set out under oath. For in that view of the case it would have been held under the decision of Fulshear v. Randon, 18 Tex. R. 275,) that the stipulation to pay ten per cent. interest was as much a part of the instrument as that which was written above the name of Prince.

Shall the Court then, upon the defendant below making default, and thereby admitting by implication the plaintiff's cause of action as stated in the petition, require proof of an instrument, which the law dispenses with, the defendant is present in Court, unless upon plea of denial under oath, filed by the defendant, so appearing and defending? That would give a material advantage to one who neglected to appear and defend the suit, over one who should diligently appear in Court to make his defence.

Whether then the cause of action, as set out in the petition, be regarded as one instrument, or as two instruments, made at the same time, about the same matter, by the same parties, and, therefore being parts of the same transaction, the judgment by default must be sustained.

Judgment affirmed.