ALEXANDER SESSUMS ET AL. v. JOHN R. HENRY ET AL.

1. Where a person acting in the capacity of agent or partner, with full authority from his principal or copartners, in the purchase of property, gives a note or other obligation for the purchase money in his own name, and the property is received for the benefit of all, all will be equally bound as makers of the obligation.

2. Where the petition alleges that the defendant executed through his agent the instrument sued on, though the name of the defendant be not signed thereto, the burden of proof is upon the defendant to show that he did not sign it, or authorize it to be executed, in the absence of a plea of *non est factum* under oath.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

Suit was brought by appellees against Brooks, who is charged with having held himself out to them as the principal in the purchase of cotton, and having signed the draft given in part payment of said purchase in his own name. A. Sessums & Co. were also sued as subsequently discovered principals, and charged with the execution of the draft by Brooks as their agent in the terms of the statute. To this defendants filed answer and amended answers, and plea of *non-est factum* by Sessums & Co., not sworn to, and a plea of accord and satisfaction.

The plaintiff introduced the draft with protest attached, and then introduced A. Sessums, one of the firm of A. Sessums & Co., to prove the facts alleged in the petition, charging his firm with being the principals in the transaction, and that Brooks acted as their agent. That they were the principals, that Brooks was their agent, that Brooks's drafts on them were their drafts, that they were bound by them, and only failed to pay this draft because of their failure in business, was stated by Mr. Sessums on the witness stand.

The court below gave the following among other instructions to the jury, viz: "Unless the jury believe from the proof the defendant, S. H. Brooks, did not make the draft sued on in the purchase of cotton for A. Sessums & Co., and was not authorized by said A. Sessums & Co. to buy said cotton, and to draw the draft sued on in settlement for said cotton, the defendants, Sessums & Co., are equally bound on said draft with said Brooks, and the plaintiffs have equal right against all of the defendants herein on said drafts." Verdict and judgment for plaintiffs.

*Mills & Tevis*, for appellant.—The court will notice that Sessums & Co. are no parties to the draft, either as drawers, acceptors or endorsers, or as guarantors, nor were they alleged to be partners of Brooks; the burden of proof then was on appellees to show affirmatively all their allegations to be true, in order to hold Sessums & Co. It is true appellees charge in the petition that Sessums & Co., by and through Brooks, made and delivered the draft sued on. But we take it that the name of a defendant must in some way be signed to an obligation in order to relieve the plaintiff from the burden of showing by proof that the defendant sued is bound.

The first charge of the court assumed, because so charged in the petition, that Sessums & Co. had executed the draft, and this without proof. The charge threw the burden of proof on Sessums & Co. that they did not sign the draft, either by themselves or by Brooks for them. The judge below thought a plea of *non est factum* by Sessums & Co. was necessary to cast the burden on appellees.

Instruments are received as evidence without further proof against only those whose names appear thereto in some way, and the suit must be founded in whole or in part on such signed paper. The mere charge in the petition that the draft was signed by A., when in fact it was signed by B., does not make it evidence against A. without further proof of A.'s privity. (Pas. Dig., Art. 1413.) Nor is any affidavit of A. needed, for there is nothing on the face of the draft in the supposed case for A. to deny. Nor did Brooks sign the draft as agent of Sessums & Co., looking to the face of the draft.

In the case of Austin v. Towns (10 Texas, 30), whose note was declared on as having been made by an agent, the court held the agency must be denied under oath, but there the principal's name was signed by the agent for

the principal. So in Reid v. Reid, 11 Texas, 592. The instrument was signed "by agent"—the affidavit was held necessary; and in Prince v. Thompson, 21 Texas, 481, the court assumed that the instrument was signed by the defendant because his name appeared to the paper sued on.

But in the case in hand appellees declare against Sessums & Co. upon a written contract to which their names nowhere appear, except as non-accepting drawees of the bill ; and we think a general denial merely was fully sufficient to put appellees upon the proof that Brooks did buy the cotton for Sessums & Co., that Brooks was their agent in drawing the bill, that he had the authority to buy the cotton and draw the bill, and this without the necessity of a sworn plea by Sessums & Co. (Compton v. Stage Company, 25 Texas Sup., 68–70.)

*Robert G. Street*, for appellees.—Compton v. The Stage Co., 25 Texas Sup., is the only case cited for the position assumed by appellants. We submit, with all deference and respect, that the case is ill-considered, and upon this point erroneously adjudged. It cannot but affect all who read it with surprise that so important a question of statutory pleading should have been so adjudged, without reference to the statute itself. We feel no assurance that the application of the statute was recognized by the court. If this case be the law, what becomes of the numerous partnership cases decided by this court on the same ? (Persons v. Frost & Co., 25 Texas Sup., 129 ; Drew v. Harrison, 12 Texas, 279 ; Davis v. Marshall, 25 Texas, 372.)

Would the rule be different from that laid down in the cases cited if a copartnership was carried on in the name of one of the partners alone ? Yet there is no auxiliary statute to help out the partnership cases—none whatever.

Or suppose business carried on by several parties as copartners under the firm name of Richard Roe. Where then is the line of demarkation? Briefly and candidly, the partnership cases must be overruled if Compton v. The Stage Co. is maintained, and to do this, new words must be inserted in the statute and the long established practice disregarded.

The act of drawing a bill by one authorized to do so, is itself acceptance. (McKinney v. Bradberry, Dallam, 444.)

OGDEN, J.—This suit was instituted against all the appellants upon a draft drawn by S. H. Brooks on Sessums & Co. in favor of J. R. Henry, one of the appellees. The petition alleges in substance, that though the draft was executed by Brooks in his individual capacity, yet that it was given in part payment for the purchase money of a certain lot of cotton which was purchased for and on account of all the defendants below. And it charges all as the makers of the draft sued on, and seeks to hold all liable as such makers. There can be no doubt that where one person, acting in the capacity of agent or partner, with full authority from his principal, or copartners, in the purchase of property, gives a note or other obligation for the purchase money, all persons whom he represents will be equally bound with himself, as makers thereof, though that obligation be executed by himself alone, and particularly where the property thus purchased is received by and for the benefit of all. The allegations of the petition charge A. Sessums & Co. as the makers of the draft sued on by their agent S. H. Brooks. The answers to these allegations are a general denial, and a special denial in the form of a plea of *non est factum*, but which was not sworn to, and a plea of accord and satisfaction. The cause was submitted to a jury under instructions from

the court, and a verdict and judgment were rendered for the plaintiffs.

It is contended for appellants that there is error in the charge of the court, wherein it assumes that Sessums & Co. executed the draft, and casts the burden of proof upon them to establish a negative. But it is believed that Article 1443, Paschal's Digest, fully authorized the assumption complained of, and the instructions given. That article provides, that "When a petition, answer or other pleading, shall be founded, in whole or in part, on an instrument or note in writing, charged to have been executed by the other party, or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence, without the necessity of proving its execution, unless the party by whom, or by whose authority, such instrument or note in writing is charged to have been executed shall file his affidavit in writing, denying the execution thereof." Sessums & Co. are charged to have executed the draft by Brooks, acting under authority from them; and the statute declares that it shall be received as evidence of the execution and authority, unless the same be denied under oath. This was not done by appellants, and we think the court did not err in the assumption of these facts, until the contrary was proven. It is however claimed that this statute refers only to those instruments where the name of the party sought to be charged appears upon the face of the instrument. But a party who executes a written obligation may be held liable under it, as well if he signs it with a fictitious name as though he signs his own; and where he authorizes another to sign he may be held liable under whatever name his agent may see proper to use. But the statute seems to settle that question by including all instruments which a party may execute or may authorize. And certainly if Sessums

authorized Brooks to draw this draft, as he did, the statute must apply to it, the same as though signed by Sessums & Co., or by Brooks as their agent. We are aware that a different rule was announced in Compton v. Stage Co., 25 Texas Sup., 78; but we are unable to reconcile that case with our statute, and are therefore inclined to think that the learned judge who delivered that opinion had the common law rule instead of the statute in his mind when he wrote. We can see no good reason why the rule of the statute should not apply to all parties, whether their names appear on the face of the instrument sued on or not, since in the one case the plea of *non est factum* denies the execution, and in the other the authority for the execution of the instrument. And we think the law as enunciated in Austin v. Towns, 10 Texas, 3, and Reid v. Reid, 11 Texas, 592, and in Prince v. Thompson, 21 Texas, 481, clearly applicable to this case, so far as a denial of the authority of Brooks is concerned.

But appellees in this case might readily waive all their rights under the statute, and admit all that appellants claim, for their general or special denial, and take upon themselves the burden of proof; and yet their cause is thus far fully made out, for they prove the execution of the draft by Brooks, and the authority to draw by Sessums. They have thus far established by positive proof, by the defendants themselves, every material allegation in their petition, and therefore the instructions of the court could not have misled the jury in that respect, if the rulings upon the plea of *non est factum* were erroneous.

According to the testimony of Sessums, on the trial of this cause in the court below, S. H. Brooks, at the time of the execution of the draft sued on, was buying cotton in the interior of the State for the house of A. Sessums & Co.,

on commission, and was fully authorized to draw on that house to an unlimited extent for all such purchases ; and the firm of A. Sessums & Co. was bound by its understanding with Brooks to pay all such drafts as he might draw. It is also proven beyond controversy by Sessums and Brooks that the draft sued on was drawn in pursuance of that understanding between Brooks and A. Sessums & Co., and was given for the purchase of cotton which was shipped directly to and received by them. And it is now claimed for appellees that though the draft was drawn by Brooks in his individual capacity, yet he was acting under and by virtue of the authority of his principals, and his acts were, in contemplation of law, their acts, and his obligations were theirs ; consequently, A. Sessums & Co. executed the draft by their agent Brooks. The name by which a party enters into a contract is not, ordinarily, essential to make a good and binding obligation ; neither is it always necessary that the names of all the parties in interest be subscribed to a contract or obligation in order to bind all. If, therefore, Brooks purchased cotton for the firm of A. Sessums & Co., under and by virtue of ample authority from them for that purpose, and in payment for the same executed the draft sued on, in compliance with that authority, then A. Sessums & Co. may be held liable for the payment of that draft, as the makers thereof, whether their names appear in the draft as drawers or drawees, or whether they appear there at all or not. The facts were all before the jury, and they found Brooks and Sessums & Co. liable on the draft as makers or drawers, and it is believed that the testimony in this respect fully authorized their finding.

Upon the plea of accord and satisfaction, the jury also found against the appellants. We are not so sure that their finding in this respect is as well supported by the testimony. The witness Brooks testified very positively

to a full and final settlement of all liabilities on the draft. And yet there is some doubt cast upon the facts as testified to by him. There appears to be something unexplained in connection with his returning the cotton back to Adams & Hearne, strangers to the original contract, instead of the real owner. They were, according to the testimony, both in Galveston, and the cotton might as well have been delivered to Henry, the owner, as to Adams, a stranger; and this proposed arrangement came from Brooks, who certainly ought to have had great interest in the delivery of the cotton to Henry, and the cancellation of his draft.

There was also testimony which tended strongly to discredit his statements on a very material point, in regard to the discharge of himself and others on the draft. But these were questions of fact about which the jury should be better judges. They have decided against the appellants, and though upon the question of satisfaction the record may present to our minds some doubts as to the correctness of the verdict, yet we would not feel justified in declaring their verdict contrary to the law and the facts as proven on the trial, and the judgment is affirmed.

AFFIRMED.