### J. A. HOLLAND v. FROCK AND WILLIAMS.

#### (No. 4027.)

CHARGE.— Where it is clear from the evidence that a different verdict could not have been properly rendered, an erroneous charge will be held merely an abstract error, affording no ground for reversal.

EVIDENCE.— Refusal to admit evidence which, if admitted, could not have caused a rendition of a different verdict, no ground for reversal.

EXEMPTION.— Deed of trust will not exempt property described in it from seizure and sale under legal process to satisfy other debts subject to said deed of trust.

MORTGAGE is but a security, and the title remains in the mortgagor, subject to be divested by foreclosure of the mortgage.

APPEAL from Limestone county. Opinion by WALKER, P. J.

The opinion states the case.

OPINION.— Unless the evidence was such as entitled Holland, the claimant of the goods, to recover, or unless there exists such error committed on the trial by the court as requires that the cause shall be remanded for another trial, the judgment must be affirmed.

In respect to the alternative first named, it is clear that, for want of evidence to show the existence of the deed of trust, which claimant relied on under the issue which was made up to establish his right to the property, which, on the plaintiff's objections, was excluded by the court, the verdict of the jury was not simply sustained by the evidence, but the verdict could not properly have been different; and, in such state of the case, so far as concerns the charge of the court which is complained of, as no other verdict than one for the plaintiffs could be rendered, an erroneous charge would be merely an abstract error, and afford no ground for reversal. Erwin v. Bowman, 51 Tex., 518; Sypert v. McCowen, 28 Tex., 639; Bohannan v. Haus, 26 Tex., 451; Fisk v. Wilson, 15 Tex., 435.

It is assigned as error that the court excluded the deed of trust under which the defendant claimed the goods on the plaintiff's objections.

The deed of trust was but a security for the debt due to the creditors named in it, and that fact did not have the effect to exempt the property described in it from seizure and sale under legal process to satisfy other debts subject to the mortgage or deed of trust. Wright v. Henderson, 12 Tex., 44; Wooten v. Wheeler, 22 Tex., 338; Raysor v. Reed, 55 Tex., 270. The distinctive difference between an issue to try the right to the property on which exists a prior lien, and that which pertains to a controversy as to the priority of a claimant's lien, is to be borne in mind.

The defendant (claimant) does not in this suit seek a remedy whereby to protect his lien from being impaired or endangered by proceedings for relief addressed to the equitable powers of the court, as he well might do if the facts of the case entitled him thereto, but he elects rather to

claim the right to the possession and title of the goods under an assertion of exclusive right, and this he cannot successfully do in an action of this kind. Belt *v.* Raguet, 27 Tex., 482. Where the rulings of the court below relate to questions which are superseded in their application to the particular case by some principle which underlies them, they are immaterial, and therefore can afford no ground for reversing the judgment. Davis *v.* Loftin, 6 Tex., 489. The court, under the evidence in the case, correctly charged the jury to find their verdict for plaintiffs.

AFFIRMED.