**L. O. GOTHARD, Appellant,**

v.

**T. B. SAUNDERS, Appellee.**

**No. 16830.**

Court of Civil Appeals of Texas.

Fort Worth.

May 12, 1967.

Rehearing Denied June 9, 1967.

James N. Adams, Houston, for appellant.

Fannin & Fannin and Oliver W. Fannin, Jr., Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Texas Rules of Civil Procedure 93 "Certain Pleas To Be Verified", (succeeding Article 2010 R.C.S. of Texas, 1925) provides: "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

"\* \* \*

"(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. \* \* \* In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

The question posed by the appeal is whether the trial court properly acted in receiving into evidence as fully proved, the note tendered by plaintiff upon which the suit was founded when no proof was offered to establish that it was the genuine instrument upon which plaintiff had founded his suit. The objection of the defendant, made at time such was offered into evidence, contended inadmissibility because there had been no proof that it was the same note sued upon.

At the beginning of the trial the attorney for plaintiff had the instrument in question marked as "Plaintiff's Exhibit No. 1", and addressing the court, stated: "If the Court please, the plaintiff introduces in evidence the note sued upon, dated October 2, 1963, in the amount of $280,195.22, and executed by the defendant, payable to the order of the plaintiff in Forth Worth, Texas." Objection was then made by the attorney for the defendant. Such objection was overruled. Plaintiff then rested. Defendant rested without tendering evidence. The court granted plaintiff's motion for an instructed verdict. The judgment thereupon predicated was for the balance due and owing upon the indebtedness reflected by the face of the instrument, plus legal interest to date, with 10% attorney fees on the balance of principal and interest.

Language from plaintiff's pleadings purported to describe the written instrument upon which suit was founded, as follows: "For a valuable consideration, on October 2, 1963, Defendant, L. O. Gothard, doing

business as L. O. Gothard Cattle Co., executed and delivered to Plaintiff his certain promissory note in the amount of $280,195.-22, payable to the order of Plaintiff ninety days after date at Fort Worth, Texas, with six per cent. interest per annum from date until paid. Said note also provides that if it be placed in the hands of an attorney for collection or suit be brought thereon that Defendant would pay an additional amount of ten per cent. on the principal and interest then due as attorneys' fees."

The instrument tendered reflected every provision stated in the language above quoted from the pleadings of plaintiff. Quotation in the pleadings, however, was not identical to the language appearing on the face of the note, i. e., *in haec verba*. Pleadings of plaintiff did not have attached thereto as an exhibit the note or a copy thereof. Plaintiff's pleadings were not verified.

Defendant bases his contention that the instrument tendered was not inadmissible as evidence upon statements made of the law as applied to instances where a plaintiff seeks judgment in his favor through use of a motion for summary judgment. See T.R. C.P. 166-A, "Summary Judgment". He quotes from the article by Judge Stayton, 13 Texas Bar Journal, pp. 93–4, as follows: "The plaintiff need only show under oath that he is the legal holder—indeed producing the note—and that will be all there is to it." Then he quotes from case authority what we consider to be correct law as applied to summary judgments; viz.: "In the summary judgment proceeding, appellee could have discharged its burden without producing and introducing the original note under Rule 166–A(e) T.R.C.P. by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit. Without such proof, an unsworn pleading will not support a summary judgment."

■ But the proceedings in the trial court were upon the merits. Because thereof the reasoning of the defendant is with-

out application. The authorities upon which the defendant relies bear upon the manner of presenting a *prima facie* case for the plaintiff on his motion for summary judgment. They are not controlling upon a trial on the merits.

Since the days when Texas first became a state there has been no substantial change in the law relative to proper procedure to prove an instrument in writing upon which a plaintiff's suit is founded in instances where there has been no verified denial by the defendant. See Acts 1st Leg. p. 363, "An Act To Regulate Proceedings in the District Courts", Sec. 52 at p. 375. Without material change the law has persisted. In T.R.C.P. 93(h) the last sentence has been added to provisions which have ever been the law. That sentence reads: "In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved." The law has not been changed by reason of the addition of such sentence, but rather reflects the law under rule of decisions. See Fulshear v. Randon, 18 Tex. 275 (1857); Prince v. Thompson, 21 Tex. 480 (1858); Close v. Judson, 34 Tex. 288, 289 (1871).

■■ Furthermore, it is not necessary that the plaintiff's petition set out the writtent instrument sued upon *in haec verba* to authorize its reception into evidence without further proof that it was the identical instrument upon which suit was founded. Sufficient predicate for its reception in evidence, as that upon which plaintiff had declared, was existent because the substance and legal effect thereof conforms to that of the written instrument as pleaded. Cases in 30 Texas Digest, "Pleading", ☞32, "Pleading written instruments"; McDonald Texas Civil Practice, p. 662, "Pleading: Answer", Sec. 7.29, " * * (d) Execution of Instrument"; 9 Tex.Jur.2d p. 293, "Bills and Notes", Division D., "Evidence", Sec. 271, " * * * Execution of instrument".

In the instant case it is obvious that the true and legal import and effect as a whole of the instrument offered into evi-

dence fitted the language by which it was pleaded in plaintiff's petition. Defendant's pleading in response thereto was not verified by affidavit. The trial court did not err in receiving the instrument. Note is taken of the fact that there had been no transfer or assignment. The parties to the suit were those same parties who originally contracted, as evidenced by both the pleadings and the instrument itself.

Judgment is affirmed.