Robert HINN et al., Appellants,

v.

CONTINENTAL NATIONAL BANK OF FORT WORTH, Appellee.

No. 17401.

Court of Civil Appeals of Texas, Fort Worth.

April 27, 1973.

Steve & Bodoin and Daniel B. Freundlich, Fort Worth, for appellants.

Shannon, Gracey, Ratliff & Miller and Charles N. Curry, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a plea of privilege case. It is companion to the case of Hinn v. Continental National Bank of Fort Worth, 495 S.W.2d 290, filed in this Court.

Continental National Bank of Fort Worth, appellee herein, sued, along with others, the appellant Robert Hinn individually, as a trustee of certain trusts, and appellant Robert Hinn and appellant Harry Riggs, jointly and severally, as partners, on certain promissory notes payable to it.

The notes, exhibits one through four respectively, are described as follows: (1) Signed only by appellant Robert Hinn; (2) Signed by Harold Hinn, as a partner in the partnership of United Investment Company ("UIC"); (3) Signed by appellant Robert Hinn, Trustee, and two others as Trustees and guaranteed by appellant Robert Hinn individually; (4) Signed by appellant Robert Hinn, Trustee, and two others as Trustees and guaranteed by appellant Robert Hinn individually.

Each of the four promissory notes above described provided that "I . . . promise to pay to . . . Continental National Bank of Fort Worth at its office in Fort Worth, Texas . . . ."

There are four partners in the partnership of UIC, namely appellant Robert Hinn, appellant Harry Riggs, Harold Hinn and Citizens National Bank, Lubbock, Texas, executor of the Estate of David Vincent Tudor, deceased.

The appellants filed pleas of privilege seeking to change venue to Hale County, Texas. These pleas were controverted and on October 27, 1972, the trial court, after hearing the evidence, overruled each of the pleas.

The appellants base their appeal upon two points, by which they contend the trial

court erred (1) "in severing the parties all liable on the same promissory note in question", and (2) "in admitting the promissory notes into evidence."

The appellants, under their first point, argue that the effect of the ruling on the pleas of privilege was to sever the parties and the cause of action and contend that due to the large amount of money, the numerous defendants involved, the numerous causes of action, and the rights had by one defendant against the other, the suit ought to be kept together. That in order to reach a final, equitable solution, all the parties should be before the trial court at the same time, and therefore the suit in its entirety should have been transferred to Lubbock County (not Hale County), rather than a part of it. This is not a viable argument.

The pleas of privilege were controverted by appellee under Article 1995, Section 5, Vernon's Ann.Civ.St. (hereinafter called "Exception 5"), which provides as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ The single venue fact to be established under Exception 5 is whether the person alleged to be liable has contracted in writing to perform an obligation in the county where the suit is filed. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942). This rule was reaffirmed by the Texas Supreme Court in Southwestern Investment Company v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959).

■ Suit may be maintained in Tarrant County against appellant Robert Hinn and appellant Harry Riggs upon the UIC note, executed by Harold Hinn as a partner in UIC. Article 6132b, V.A.C.S., commonly known as the Texas Uniform Partnership Act, provides in Section 9 that "(1) . . . the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, . . . ." Section 15 of the same Act provides that "All partners are liable jointly and severally for all debts and obligations of the partnership . . . ."

■ Neither appellant Robert Hinn nor appellant Harry Riggs denied under oath, as required by Rule 93(f), Texas Rules of Civil Procedure, the UIC partnership as alleged in plaintiff's original petition. The partnership, therefore, cannot be denied. It is taken as admitted upon hearing of the pleas of privilege. Heldt Bros. Trucks v. Silva, 464 S.W.2d 931 (Corpus Christi Civ.App., 1971, no writ hist.).

Further, the appellants Robert Hinn and Harry Riggs by their answers to interrogatories admitted that Harold Hinn, as a partner in UIC, was carrying on in the usual way the business of the partnership and that Harold Hinn had authority to execute the note. Thus, under Sections 9 and 15 of the Texas Uniform Partnership Act, supra, UIC was obligated to pay the promissory note, and each of the partners in UIC, two of whom are appellants Robert Hinn and Harry Riggs, is jointly and severally liable on the note.

Although the appellants Robert Hinn and Harry Riggs did not sign the UIC note as partners in UIC, venue of the action against them may be maintained in Tarrant County under Exception 5. Brewer v. Big Lake State Bank, 378 S.W.2d 948 (El Paso Civ.App., 1964, no writ hist.); Gonzalez v. Burns, 397 S.W.2d 898 (San Antonio Civ.App., 1965, error dism.).

■ Under Exception 5 venue may also be maintained in Tarrant County against appellant Robert Hinn individually on note No. 1, above described, which was signed by him, and against appellant Rob-

ert Hinn as trustee on notes three and four above described because each is payable in Tarrant County.

■ Under Exception 5 suit may be maintained in Tarrant County against appellant Robert Hinn individually upon his guaranty in payment of notes three and four above described, each of which provided for payment "at its (appellee's) office in Fort Worth, Texas." Appellant Robert Hinn's guaranty of payment, appearing on the reverse of each of the two notes dated February 9, 1972, provided in part as follows: "I . . . guarantee payment of the within instrument . . . ." Rost v. First National Bank of Gonzales, 472 S.W.2d 579 (Corpus Christi Civ.App., 1971, no writ hist.).

Appellants' first point of error is overruled.

■ Under their second point urging error on the part of the Court in admitting the promissory notes into evidence, the appellants contend that the notes are business records, and to be admitted into evidence, appellee had to comply with Article 3737e, V.A.C.S., commonly known as the Business Records Act. This argument has no merit. While the notes constitute records that are kept by appellee, the admissibility into evidence of the notes is not controlled by the Business Records Act.

The notes above described were correctly and properly admitted into evidence by the trial court as fully proved pursuant to Rule 93, T.R.C.P.

Appellee's original petition on its face shows it is founded upon the notes "charged to have been executed" by appellants and others. Each of the notes upon which the suit is founded is made a part of the pleading by being attached and referred to in the pleading. Rule 59, T.R.C.P.

Neither appellant denied by verified affidavit his execution of the notes.

The notes were offered into evidence by appellee's counsel.

Under Rule 93(h), T.R.C.P.—In the absence of such a sworn plea, the written instrument (the notes here involved) may be received in evidence as fully proved. Gothard v. Saunders, 415 S.W.2d 718 (Fort Worth Civ.App., 1967, writ ref., n. r. e.). ". . . The contract will prove itself unless the execution or authority is denied specifically in the plea of privilege. . . ." Vol. 1, McDonald, Texas Civil Practice 450, Sec. 4.11.4 and cases there cited.

■ After the notes were properly introduced into evidence, appellee did not need to prove ownership of the notes, consideration for the notes, breach, default, amount due or negative any special defenses. McDonald, Texas Civil Practice, 1965 Revised Vol. 1, § 4.11.1, and cases therein cited.

Again, the single venue fact under Section 5 to Article 1995, V.A.C.S., is whether the person alleged to be liable has contracted in writing to perform an obligation in the county where the suit is filed. Petroleum Producers Co. v. Steffens, supra. As to the mode of introduction of the notes in question, see also 23 Tex.Jur.2d, Evidence, § 261, and McCormick and Ray, Texas Law of Evidence, § 21.

Appellants' point of error No. 2 regarding the court's action in allowing the introduction into evidence of the notes in question is overruled.

The judgment of the trial court is affirmed.