Harold HINN, Appellant,

v.

**CONTINENTAL NATIONAL BANK OF FORT WORTH, Appellee.**

No. 17406.

Court of Civil Appeals of Texas, Fort Worth.

April 27, 1973.

Steves & Bodoin, and Robert R. Bodoin, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller and Charles N. Curry, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is a plea of privilege case. It is companion to the case of Hinn et al. v. Continental National Bank of Fort Worth, 495 S.W.2d 286, filed in this Court.

The Continental National Bank of Fort Worth, appellee herein, sued the appellant upon certain promissory notes payable to the appellee. The pleading charged that the notes had been executed by the appellant, Harold Hinn. Each of the notes upon which suit was had was attached to and made a part of the appellee's pleading pursuant to Rule 59, Texas Rules of Civil Procedure.

As in the companion case the appellant filed his plea of privilege seeking to change venue to Dallas County, Texas, which plea was duly controverted. The trial court overruled the appellant's plea of privilege.

The appeal is based upon a single point by which it is contended that the court erred in admitting the promissory notes into evidence.

We affirm.

As in the companion case the appellant did not deny by verified affidavit his execution of the notes sued upon.

The appellant here, as was done in the companion case, argues that the admission of the notes into evidence is controlled by the provisions of the Business Records Act, Art. 3737e, Vernon's Ann.Civ. St. This argument is without merit.

What we have written in the companion case of Robert Hinn et al. v. Continental National Bank of Forth Worth controls the disposition of this cause. We see no necessity in saying it again. The notes in question were correctly and properly admitted into evidence as fully proved under Rule 93, T.R.C.P.

The point of error is overruled and the judgment of the trial court is affirmed.