**William Dean NEESE, Appellant,**

v.

**FIDELITY UNION LIFE INSURANCE COMPANY, Appellee.**

**No. 19941.**

Court of Civil Appeals of Texas, Dallas.

Aug. 28, 1979.

Rehearing Denied Oct. 5, 1979.

R. W. (Bill) Glenn, Law Offices of Glenn & Houser, Plano, for appellant.

James S. Pleasant, Wesner, Wylie & Pleasant, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

William Dean Neese, appellant, a non-resident, was sued by Fidelity Union Life Insurance Company, appellee, on his endorsements of forty-two promissory notes. Neese appeals from a judgment against him in the sum of $64,884.99, plus $10,000.00 attorney's fees. Appellant contends the trial court erred in overruling his special appearance objecting to the jurisdiction of the court and in failing to set aside an interlocutory judgment which was rendered against appellant September 14 in appellant's absence. We affirm the overruling of appellant's special appearance but we reverse the judgment because no record was made of the proceedings of September 14 leading to an interlocutory judgment of liability and the subsequent trial held on September 22 did not cure the error.

Appellant, a doctor of osteopathy and resident of the state of Missouri, was a life insurance soliciting agent for appellee. His applicants financed these transactions in part by signing negotiable promissory notes payable to Fidelity Union in Dallas, Texas. As a part of their arrangement, evidenced by an agent's agreement between the parties, Neese borrowed money from appellee as an advance against future commissions by guaranteeing the maker's obligation. Upon default of these notes, appellee brought suit against appellant on his endorsement on some notes and on his guaranty in his agency agreement on the others.

■ Appellant was served under Tex. Rev.Civ.Stat.Ann. art. 2031(b) (Vernon 1964), the Texas Longarm Statute. He attacks the trial judge's denial of his special appearance on the ground that the evidence fails to support the order. This contention lacks merit because the record reveals sufficient evidence to support the court's findings that appellant's contacts with Texas were far more than minimal. Appellee's proof establishes that in 1974, Neese had executed two supplements to his agent's agreement with ˙Fidelity Union and each provide "all the Agent's obligations and duties to the Company are performable in Dallas County, Texas." Neese had been a duly licensed agent to solicit sales of life insurance in Texas since 1975. He obtained his license by passing a written qualifying examination conducted by the Texas Board of Insurance. In 1974, Neese met in Dallas, Texas, with the vice-president and an associate vice-president of Fidelity Union to discuss Neese's plans and proposals for setting up an arrangement for an insurance agency in Dallas, Houston and San Antonio, Texas, not only to sell Fidelity Union's life insurance but also to include a complete financial service concept for doctors of osteopathy. In 1975, appellant attended a sales promotion meeting in Dallas conducted by appellee and on that occasion received Fidelity Union's "Rookie of the Year Award." He wrote a number of letters to appellee in Dallas regarding specific sales of policies of insurance and his commissions. Moreover, it is undisputed that the promissory notes

endorsed by Neese and sued on in this litigation are payable in Dallas, Texas. These contacts with Texas are sufficient to establish jurisdiction in Texas over defendant so as to comport with due process. *Michigan General Corp. v. Mod-U-Kraf Homes,* 582 S.W.2d 594 (Tex.Civ.App.—Dallas 1979); *National Trucker Service, Inc. v. Aero Systems, Inc.,* 480 S.W.2d 455, 458–59 (Tex.Civ. App.—Fort Worth 1972, writ ref'd n. r. e.). Thus, the trial judge correctly overruled appellant's special appearance.

■ We reverse the judgment, however, because the trial in appellant's absence was not recorded, thus depriving appellant of an adequate appellate review. On September 14 when this case was called for trial, appellee announced ready, but neither the appellant nor his attorney appeared. Appellee concedes that no evidence was introduced on September 14; nevertheless, the trial judge rendered an interlocutory judgment against Neese as to liability and recessed the case "subject to call by the Court." Consequently, no statement of facts is available. We agree with appellant that the court reporter should have recorded this proceeding which resulted in an interlocutory judgment of liability against him, or some other method of recording the evidence should have been employed. Due to the absence of a statement of facts, appellant has been deprived of his right to an adequate review, and the judgment must be reversed and the cause remanded for trial. *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex. 1978); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 315 (Tex.Civ. App.—Dallas 1975, writ ref'd).

■ Appellee argues there was no error in failure to have a court reporter record the proceeding on September 14 because appellant had a complete trial on September 22, which was recorded by the court reporter and in which appellant's attorney participated. We cannot agree that this was a full trial on liability as well as damages. The record reveals that at this trial most of the notes upon which appellee's suit was based were not introduced

into evidence. Although appellant did not deny execution of these notes in his pleadings, his general denial required appellee to prove his case by introducing these notes into evidence. *See generally,* Tex.R.Civ.P. 93(h); *VanHuss v. Buchanan,* 508 S.W.2d 412, 414 (Tex.Civ.App.—Fort Worth 1974, writ dism'd); *Hinn v. Continental National Bank of Fort Worth,* 495 S.W.2d 286, 289 (Tex.Civ.App.—Fort Worth 1973, no writ). Because all of the notes upon which liability depends were not introduced into evidence at the September 22 hearing, insofar as we know appellant's liability on each note has yet to be established. Consequently, we hold that the September 22 proceeding did not cure the error in failing to have the September 14 hearing recorded.

Affirmed with respect to the order overruling the special appearance but reversed and remanded for trial on the merits.