FIDELITY UNION LIFE INSURANCE CO., APPELLEE AND CROSS-APPELLANT, *v.* CANFIELD, APPELLANT AND CROSS-APPELLEE.■

(No. 81AP-689—Decided August 3, 1982.)

*Messrs. Metz, Bailey & Spicer* and *Mr. Bruce E. Bailey,* for appellee and cross-appellant.

*Messrs. Milligan, Milligan & Milligan* and *Mr. Fred J. Milligan, Jr.,* for appellant and cross-appellee.

MOYER, J. This matter is before us on defendant's appeal from a judgment of the Court of Common Pleas of Franklin County in favor of plaintiff and against defendant in the sum of $11,489.96.

The important facts are not in dispute. Plaintiff is a life insurance company which was incorporated and has its home office in Dallas, Texas. Defendant was employed as an agent by plaintiff between February 22, 1971 and November 1, 1975, during which period defendant resided and worked in West Virginia. Since August 1978, defendant has resided in Franklin County, Ohio.

The contract by which defendant was employed by plaintiff was executed by defendant at plaintiff's office in Charleston, West Virginia, and executed for plaintiff by its officers in Texas.

When plaintiff filed suit against defendant in Texas on an account based upon alleged deficiencies in defendant's escrow and ledger accounts, defendant was served in Ohio under the Texas long-arm statute. When defendant failed to answer the complaint, a default judgment was entered against him in the Texas trial court.

In 1980, plaintiff filed suit in the Franklin County Court of Common Pleas, which granted the Texas judgment full

faith and credit except for an award of attorney fees of $1,500.

Defendant asserts the following assignment of error in support of his appeal:

"The trial court erred in according full faith and credit to a Texas judgment where the facts showed that the assertion of jurisdiction over the non-resident defendant by the Texas court violated the due process clause of the Fourteenth Amendment to the United States Constitution."

Plaintiff asserts one cross-assignment of error as follows:

"The trial court erred in failing to grant full faith and credit to the award of attorney fees granted by the Texas court."

Defendant asserts that the Texas court has no personal jurisdiction over defendant because: (1) defendant was, at the time of the execution of the contract, a permanent resident of West Virginia authorized to sell life insurance only in West Virginia; (2) defendant never sold, nor was he authorized to sell, insurance for plaintiff in Texas; (3) defendant's only presence in Texas was to attend a five-day learning course as a condition for employment with plaintiff; (4) defendant was recruited in West Virginia and signed his employment contract there; (5) all business defendant conducted on behalf of plaintiff was in West Virginia; and (6) defendant's salary of $9,000 made it virtually impossible for him to defend a suit in Texas.

It is well-settled that a judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata* and is entitled to full faith and credit in a sister state, although the underlying claim would not be enforced in the state of the forum. *Morris* v. *Jones* (1947), 329 U.S. 545, 550-551; see, also, *Williams* v. *North Carolina* (1942), 317 U.S. 287, 294 [31 O.O. 83]. It is also well-settled that, if the assertion of jurisdiction over a defendant violates due process, a judgment rendered in one state may not be afforded full faith and credit in another state. The question before us is whether the Texas judgment was based upon *in personam* jurisdiction of defendant that does not violate defendant's due process rights.

For a court to properly exercise *in personam* jurisdiction over a defendant, due process requires only that the defendant have "minimum contacts" with the forum state such as not to offend the " 'traditional notions of fair play and substantial justice.' " *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310, 316; *Hayward Distributing Co.* v. *Rogers* (Nov. 5, 1981), Franklin App. No. 81AP-516, unreported.

In the case of *Hanson* v. *Denckla* (1958), 357 U.S. 235, 253, the Supreme Court expanded on the *International Shoe* minimum contact test when it stated:

" * * * The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law."

Another statement of the test is found in *In-Flight Devices Corp.* v. *Van Dusen Air, Inc.* (C.A. 6, 1972), 466 F.2d 220, 226:

" 'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.' " (Citation omitted.)

See, also, *O'Brien* v. *Lanpar Company* (Tex. 1966), 399 S.W.2d 340.

Our review of the stipulated facts in this case causes us to conclude that due

process requirements were satisfied in the rendering of the Texas judgment.

The parties entered a contract in which defendant would serve as an independent contractor for plaintiff to solicit life insurance. Pursuant to their contract, plaintiff agreed to lend defendant money as an advance for future commissions. One of the paragraphs of the contract provides that the ledger account shall be payable to the company at its home office in Dallas, Texas.

The parties also executed two supplemental contracts. Both contracts specifically state that:

"All of the Agent's obligations and duties to the Company are performable in Dallas County, Texas."

Paragraph 8(a) of the contract provides that all of the sales methods, manuals and presentation materials furnished defendant by plaintiff remain the property of the company, and any action on a breach of the contract shall be brought in Dallas County, Texas and that the laws of Texas shall govern such proceedings.

Based upon these facts alone, the trial court could have found that defendant agreed to be sued in Texas, availed himself of the privilege of conducting business activities in the forum state, and involved the benefits and protection of its laws. Defendant also caused consequences to occur in the forum state by submitting his orders for insurance to Texas. See *Neese* v. *Fidelity Union Life Ins. Co.* (Tex. Civ. App. 1979), 587 S.W.2d 498, 500.

There are other facts that persuade us that Texas had *in personam* jurisdiction over the defendant. Defendant attended a five-day seminar in Texas, all records pertaining to defendant's employment were maintained in Texas, and defendant made an average of one to two telephone calls per day to Texas in connection with his business with plaintiff.

All applications for insurance generated by defendant's efforts were subject to approval at the home office. Defendant's commissions were paid from the home office, and a promissory note executed by defendant was payable in Texas. We conclude that defendant availed himself of the privilege of acting in the forum state and that the consequences caused by him in the forum state have a substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable in this case. Defendant's assignment of error is overruled.

With respect to plaintiff's cross-assignment of error, the case of *Miller* v. *Bock Laundry Machine Co.* (1980), 64 Ohio St. 2d 265, 266 [18 O.O.3d 455], is dispositive. The Supreme Court, in determining what effect the foreign judgment would be given in Ohio, observed:

"Our task, therefore, is to determine what credit or effect Texas courts would have given the foregoing judgment had enforcement been attempted in that state. * * *"

See, also, *Morris* v. *Jones, supra,* which states that a judgment obtained in a sister state is entitled to full faith and credit in another state even though the underlying claim would not otherwise be enforced in that state. Although attorney fees could not have been recovered if this case had been brought in Ohio, it appears that the Texas Revised Civil Statute Annotated, Article 2226 (7 Vernon 1971), authorizes a judgment for attorney fees in a judgment on an account. The trial court erred by not giving full faith and credit to that portion of the Texas judgment, and plaintiff's cross-assignment of error is, therefore, sustained.

For the foregoing reasons, the judgment of the trial court for plaintiff and against defendant in the sum of $11,489.96 plus interest is affirmed, and the judgment of the trial court not awarding attorney fees to plaintiff is reversed, and the cause is remanded for

further proceedings consistent with this decision and in accordance with law.

*Judgment affirmed in part, reversed in part and cause remanded.*

REILLY and BROWN, JJ., concur.

BROWN, J., retired of the Court of Common Pleas of Coshocton County, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.