## CULLUM et al. v. COMMERCIAL CREDIT CO.

### No. 5062.

Court of Civil Appeals of Texas. Amarillo.

Oct. 9, 1939.

Sturgeon & Sturgeon, of Pampa, for appellants.

Clayton & Bralley, of Amarillo, for appellee.

STOKES, Justice.

On the 19th of February, 1938, George W. Taylor, a resident of Gray County, purchased an automobile from appellants, Fred Cullum and Frank Henry Cullum, who also were residents of Gray County and engaged in business at Pampa as a co-partnership under the trade name of Cullum & Son. As part of the consideration Taylor executed a note in the sum of $1259.96, payable in six monthly installments, the first five installments being in the sum of $60 each, and the sixth in the sum of $959.96. The note was payable to Cullum & Son at the office of the appellee, Commercial Credit Company, at Amarillo, which is in Potter County, and

provided for interest after maturity at the rate of ten percent per annum. Contemporaneously with the execution of the note Taylor executed a chattel mortgage of the automobile and the note and chattel mortgage were assigned to appellee by Cullum & Son without recourse. On the 24th of February, 1938, five days after the execution of the note and chattel mortgage, appellants, Cullum & Son, executed and delivered to appellee an instrument designated "Dealer Guaranty of Purchaser Account" in which the following clause appears:

"You require Undersigned's unconditional guaranty that the purchaser shall pay his obligations under said security instrument and/or note, otherwise you will refuse to purchase the same, or if purchased will redraw upon Undersigned for the amount thereof, as agreed. Undersigned requests you to purchase or continue to hold such security instrument and/or promissory note, and in consideration thereof Undersigned hereby guarantees the prompt payment of the same and each and every instalment thereof as the same shall become due and payable. Undersigned will immediately upon demand pay any amounts due, for the payment of which the purchaser is in default, under said security instrument and/or promissory note, without requiring any proceedings to be taken by you as against the purchaser. The liability of Undersigned hereunder shall not be modified in any manner whatsoever by any extension that may be granted to purchaser by any court in any proceeding under the Bankruptcy Act or any Amendment thereof and Undersigned expressly waives the benefit of any such extension. If purchaser shall at any time be in default in payment of three (3) instalments of said note Undersigned will thereupon forthwith pay the entire unpaid balance owing on said note."

Taylor, the maker of the note, defaulted in three installments and appellee, on July 13, 1938, filed this suit in the district court of Potter County against George W. Taylor and appellants, Fred Cullum and Frank Henry Cullum, seeking a joint and several judgment and foreclosure of the chattel mortgage lien.

Appellants, Cullum and son, filed pleas of privilege in due form and prayed that the cause of action be transferred to Gray County where all of the defendants resided. Controverting affidavits were filed in response to the pleas and upon a hearing of the issues made thereon the trial court over-

ruled the pleas of privilege to which appellants duly excepted, gave notice of appeal, and have brought the case before this court for review.

The principal contention made by appellants is that, inasmuch as the contract of guaranty executed by them does not expressly name Potter County as the place of performance and, it being undisputed that appellants reside in Gray County, the district court of Potter County could not maintain venue of the case in the face of proper pleas of privilege. Error is assigned, therefore, to the action of the court in overruling appellants' pleas of privilege.

In support of their contention appellants assert that under the provisions of Sub. 5 of Art. 1995, R.C.S.1925, as amended by the Acts of the 44th Legislature, p. 503, ch. 213, § 1, Acts of 1935, Vernon's Ann.Civ.St.Art. 1995 subd. 5, venue of the case cannot be maintained in Potter County in disregard of the pleas of privilege because the contract of guaranty which they signed does not, by its own terms, expressly name Potter County or a definite place therein where they agreed to perform the obligations created by the contract of guaranty. The amendment referred to provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county or a definite place therein by such writing, suit upon such obligation may be brought against him either in such county or where he has his domicile. A reference to the contract of guaranty will reveal the absence of any stipulation or agreement within its own terms whereby appellants specifically agreed to perform the guaranty obligation in Potter County or expressly named that county or a definite place therein where it should be performed. The contract, however, is one of guaranty and as a general rule the liability created by it is measured by that of the principal. It has long been so held in this as well as other jurisdictions unless a more limited or more extensive liability is specified by the guarantor. McCauley v. Cross et al., Tex.Civ.App., 111 S.W. 790; Looney v. Le Geirse & Co., 2 Willson Civ.Cas.Ct. App. § 531, page 477; Bagley v. Cohen, 121 Cal. 604, 53 P. 1117; Groendyke v. Musgrave, 123 Iowa 535, 99 N.W. 144; Franklin v. The Duncan, 133 Tenn. 472, 182 S.W. 230, Ann.Cas.1917C, 1080.

The contract of guaranty entered into by appellants in this case was an absolute and unconditional one. It provided that appellants would guarantee the prompt payment of the note and each and every installment thereof as the same shall become due and payable. The note, according to its specific terms, was payable at the city of Amarillo, which is located in Potter County. The contract of guaranty did not create an obligation of the guarantors to pay a sum of money specified therein as would a promissory note, but bound them, upon default of the maker, to pay the sum of money specified in another instrument, viz., the promissory note which had theretofore been executed by George W. Taylor. It was essentially a contract of guaranty and was unconditional. Its effect was to bind appellants to pay the note of Taylor upon the sole contingency of Taylor's default. Being a general and unconditional guaranty its effect was to bind appellants upon the note according to all of its terms. In addition to the legal obligation created by such contract, the guaranty contract itself provides that in consideration of appellee's purchase of the note appellants guarantee the prompt payment of same and each and every installment thereof "as the same shall become due and payable." The note became due and payable at Amarillo in Potter County and we think the conclusion is inescapable that appellants are, by the law and also by the specific terms of the contract itself, bound by the venue provision of the note in the same manner as they are bound by its other provisions.

In the case of Looney v. Le Geirse & Co., supra, R. H. Looney wrote a letter to the appellees in which he said: "I will be responsible for the amount bought by my brother John Looney."

Appellees resided in Galveston County and the Looneys were residents of Mitchell County. The suit was filed in Galveston County where the obligation was payable and, in discussing the ruling of the court upon a plea of privilege of R. H. Looney the Court of Appeals said: "If then, the guaranty of R. H. Looney is a part of the contract of John Looney, it is evident that its legal effect is to render R. H. Looney responsible for the amount of John Looney's indebtedness, according to the terms and conditions of the contract of purchase. Such is the plain import of the guaranty. It is an obligation to make good the contract of John Looney in all particulars and to the full extent thereof. It covers the interest

stipulated to be paid, and it undertakes that the contract shall be performed in Galveston county."

The case of McCauley v. Cross, supra, was a suit upon a note in the sum of $3000, executed by G. W. Cross and one Adams, payable to the appellant, McCauley, six months after date, at Fort Worth, in Tarrant County. After the note had been executed W. B. Cross, who was the father of G. W. Cross, delivered to McCauley an instrument in writing as follows [111 S.W. 791]: "I have sworn off going on notes, but want to help my son, and, if he should not pay the $3,000 note, I will see that it is fixed and told the banker that I would."

The defendants resided in Brown County and McCauley brought suit upon the note in Tarrant County making W. B. Cross a party defendant. The latter filed a plea of privilege which was sustained by the trial court. In discussing the question here involved, Chief Justice Willson, speaking for the Court of Civil Appeals, said: "His [W. B. Cross'] undertaking was a general one to pay the note. The note was a contract to pay so much money at a designated time and at a designated place. The stipulation which bound the makers to pay at Ft. Worth was as truly a part of their contract as was the stipulation as to the amount to be paid. Having guaranteed the payment of the note, we think it necessarily follows that he guaranteed to pay it, not according to some of its stipulations, but according to all of them; for less than all of them did not constitute the note. The rule has been stated to be that the liability of a guarantor 'is in general measured by that of the principal and will be so construed unless a less or greater liability is expressly assumed by the guarantor.'"

██ In Citizens' State Bank of Alice v. Commonwealth Bank & Trust Co., Tex. Civ.App., 268 S.W. 1008, 1009, the contract of guaranty consisted of a letter written by the president of the Citizens State Bank of Alice to the Commonwealth Bank & Trust Company of San Antonio in which the following paragraph occurs: "I know that we are going to take care of the paper that you have there, as I told you when I talked to you some few days ago about it." The letter was signed by the president of the bank of Alice. The Commonwealth Bank & Trust Company filed suit upon the note in Bexar County where it was payable, making the Citizens State Bank of Alice, in Jim Wells County, a party defendant. The latter bank filed a plea of privilege and in discussing the question of extent of the liability assumed by it under the guaranty contract and specifically the quoted paragraph of the letter, Justice Cobbs, speaking for the San Antonio Court of Civil Appeals, said: "What did he mean by the use of the words, 'take care of the paper you have there,' unless it was a promise to pay it, or to guarantee its payment when it matured. How else could he take care of it there? We can give no other meaning to the use of the words than that it was a written promise to pay in Bexar county, according to the tenor and terms of the note itself."

From these quotations it will be seen that our courts have consistently held that a guarantor under a contract of guaranty such as the one involved here becomes obligated to pay the note or indebtedness guaranteed by him. The effect of his contract of guaranty is to make him liable upon the instrument guaranteed by him unless, by his contract, he limits his liability and makes it less than that which is implied by the instrument or obligation which constitutes the subject of his guaranty. Such being the case the provisions of sub. 5 of Art. 1995 as amended are not violated by holding the guarantors liable in a situation such as that which is presented here because the import of the language used by them in their contract of guaranty was to name the particular county in which they contracted in writing to perform the obligation. By such contract appellants undertook the burden of discharging the note according to its terms and the note itself provided for payment at Amarillo which is in Potter County. Their obligation to pay the note in that county was not by implication but by express terms of the contract.

From what we have said it is evident that we are not in accord with appellants' contention in their first assignment of error and it must, therefore, be overruled.

Under other assignments appellants contend that inasmuch as they were not necessary parties to the suit, their pleas of privilege should have been sustained under the provisions of sub. 29a of Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 29a. In view of our holding upon the first assignment of error we do not deem it necessary to pass upon the remaining questions raised by the briefs. Obviously, if appellants are bound under the provisions of the note, including its provision as to the county in which it is payable, the question of whether

they were necessary parties or merely proper parties to the suit becomes immaterial.

In our opinion no error is shown in the rulings of the court below upon the controlling question which we have discussed, and its judgment will, therefore, be affirmed.