## CARTER v. TEXAS STATE BANK OF JACKSONVILLE.

### No. 6171.

Court of Civil Appeals of Texas. Texarkana.

July 26, 1945.

Rehearing Denied Oct. 4, 1945.

James S. Grisham, of Dallas, Guinn & Guinn, of Rusk, and Thomas Y. Banks, of Tyler, for appellant.

Norman, Stone & Norman, of Jacksonville, for appellee.

WILLIAMS, Justice.

In this suit by appellee, Texas State Bank of Jacksonville, Tex., against A. F. Barnhill, G. T. Murphy and appellant Harry Lee Carter, the latter urged a plea of privilege to be sued in Bexar County where he alleged his domicile to be.

The District Court of Cherokee County where the suit was filed overruled Carter's plea of privilege to be sued in Bexar County after a hearing on such plea and appellee Bank's controverting affidavit. To maintain suit in Cherokee County, appellee alleged and introduced evidence in support thereof that Cherokee County was the domicile of appellant, and further that the suit was maintainable in Cherokee County under exceptions Nos. 4, 5 as amended, 12, and 29a of Article 1995, R.C.S. of Texas, Vernon's Ann.Civ. St. art. 1995, subds. 4, 5, 12, 29a.

The evidence heard on the hearing in which appellant did not testify reflects that appellant, who owned a large body of land, known as the Circle C Ranch, situated in Cherokee County, entered into an agreement with the other defendants, Murphy and Barnhill, to buy and grow hogs upon this ranch, in which the three were to share in the profits.

Appellee Bank made an initial loan of $500 pursuant to a discussion had with Murphy and Barnhill and upon the strength of a letter written by appellant from his office in San Antonio, Tex., to the Bank. This letter reads:

"Texas State Bank
"Jacksonville, Texas.        October 16, 1943.
"Gentlemen:

"Messrs. A. F. Barnhill, George T. Murphy, and myself want to borrow $500.-00 for ninety days from you. They will execute a note for this amount, and if you will just hold the note, I will be in your bank and sign said note upon my return.
"Thanks for your consideration.
            "Yours truly,
                    "Harry Lee Carter."

The $500 loan was evidenced by a promissory note executed by Murphy and Barnhill who also executed a chattel mortgage on hogs purchased with the funds to better secure payment of the note.

On various occasions appellant discussed with the Bank his proposed dealings with Murphy and Barnhill and advised the Bank that they would need money from time to time and would appreciate the Bank's taking care of it as he was not in Jacksonville all the time. He advised the Bank that he would guarantee the credit and requested the Bank to take a mortgage on the hogs as they were bought. Upon the strength of above-mentioned conversations, the Bank made other loans to Barnhill and Murphy which were evidenced by notes executed by them and secured by chattel mortgages on hogs in favor of the Bank. The indebtedness evidenced by notes had reached approximately $3,500 when as a result of a request from the Bank for a letter of guarantee from appellant and after a discussion had with appellant that he and his associates would need additional money, the appellant executed and delivered to the Bank the following instrument, which reads:

                    "February 28, 1944.
"Texas State Bank,
"Jacksonville, Texas.
"Gentlemen:

"You may use this letter as a guarantee for the indebtedness of A. F. Barnhill and G. T. Murphy which at this time is

approximately $3,500.00. This letter will also guarantee an additional amount up to and not exceeding $5,000.00. The entire indebtedness is to be secured with a chattel mortgage on the hogs they now own and the additional ones purchased with funds guaranteed by me.

"Yours very truly,

"Harry Lee Carter."

A $1,500 loan evidenced by a note dated March 1, 1944, and the $500 initial loan together with other loans, less some credits, were renewed from time to time. Appellant did not sign any of the notes or any renewal or any of the chattel mortgages securing the loans. The mortgages described hogs as then being situated on Circle C Ranch in Cherokee County, Tex. Each and every note and renewal were made payable at the offices of appellee Bank in Jacksonville, Tex. The total indebtedness, including interest and attorney fees as provided in the notes, amounted to $4,232 on November 14, 1944, when this suit was filed.

Appellee pleaded the execution of each note, the renewals, the chattel mortgages, the alleged oral representations of Carter, the two letters above set out, the advances made on the strength of said oral representations and guarantees and sought judgment against the defendants, jointly and severally, for the amount represented by the notes according to their tenor, reading and effect, with foreclosure of the mortgage lien on the hogs described therein.

■ We are not in accord with appellant Carter's contention that the place of payment, namely, Jacksonville, Cherokee County, Tex., as specified in the notes was not binding upon him. Section 5, as amended, Article 1995, reads: "Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The contract of guaranty, namely, the instrument dated February 28, 1944, represented the consummation of earlier oral representations and promises of appellant to protect such loans as here involved. Under the facts and circumstances above detailed leading up to and which existed at the time the guarantee was executed, logic and reason lead to the conclusion that the import of the terms of the guarantee was to name the particular county, namely, Cherokee County, in which appellant contracted in writing to perform the guaranty and the provisions of Sec. 5, Article 1995, as amended, is applicable. See Cullum et al. v. Commercial Credit Co., Tex.Civ.App., 134 S.W.2d 822, and authorities there discussed and cited.

■ It would not be without support in the evidence, above briefly detailed, to conclude that the indebtedness here involved was incurred as the result and in the consummation of a joint adventure by appellant, Murphy and Barnhill to buy, grow and sell hogs in which appellant's obligation to pay was co-extensive with that of the other defendants. Appellee sought recovery against them jointly and severally. The notes were payable in Cherokee County. Under such a status, this suit was maintainable in Cherokee County against appellant as being a necessary party under the provisions of Section 29a of Article 1995: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74; 43 Tex.Jur. p. 733.

In reaching above conclusions, we have assumed without deciding that at the time the suit was filed all three defendants had their domicile elsewhere than in Cherokee County. We pretermit a discussion of the other exceptions under Article 1995, supra, as urged by appellee to maintain venue in Cherokee County.

The judgment is affirmed.