**Alfred LAUKHUF and Raymond Laukhuf,**
**Appellants,**

v.

**ASSOCIATES DISCOUNT CORPORATION,**
**Appellee.**

No. 17317.

Court of Civil Appeals of Texas.

Dallas.

July 3, 1969.

Rehearing Denied July 25, 1969.

A. B. Conant, Jr., Shank, Irwin, Conant & Williamson, Dallas, for appellants.

Robert W. Damron, Damron & Cole, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is a venue action in which appellants appeal from an order overruling their plea of privilege.

Appellee, Associates Discount Corporation, filed this action in the District Court of Dallas County, Texas against appellants, individually, and d/b/a Wichita Mack Sales, seeking to recover monies due by virtue of the endorsement by appellants of various security agreements, and promissory notes attached thereto, all of such instruments being attached to the original petition. In due time appellants filed their plea of privilege asking that the cause of action be transferred to Wichita County, Texas, the place of their residence. Appellee filed a controverting plea in which it asserted that the cause of action was properly maintainable in Dallas County by virtue of the provisions of subdivision 5, Art. 1995, Vernon's Ann.Civ.St. of Texas. The trial court, following a hearing, entered an order overruling the plea of privilege.

The facts are undisputed. Appellants, partners doing business under the name of Wichita Mack Sales, sold motor vehicles to third persons who are not parties to this action. These sales took place during the years 1966 through 1968. Each sale was evidenced by a written security agreement, and, as a part thereof and attached thereto, a promissory note, each instrument being signed by the purchaser of the vehicle. Contemporaneously with the execution of these instruments they were assigned by appellants to appellee Associates Discount Corporation. There were seventeen security agreements and notes. Not all of them are on the same form.

Seven of the instruments are captioned "Oklahoma Security Agreement" and contain no stipulated place of payment for the truck purchaser. The separate promissory notes attached to such agreements are endorsed by appellants to Associates Discount Corporation "with recourse". These seven notes specify no place of payment.

Two of the agreements are captioned "Colorado Chattel Mortgage" and likewise specify no place of payment and both are assigned to Associates Discount Corporation, the notes being endorsed "with recourse" to Associates Discount Corporation. No place of payment is specified in these notes.

Four of the agreements are captioned "Texas Installment Sales Contract" and provide that the truck purchaser will pay the sum specified "at the office of Associates Discount Corporation at Dallas, Texas". Each of these is assigned to Associates Discount Corporation by appellants and the promissory notes attached thereto are endorsed "with full recourse".

Four of the agreements are in slightly different forms of "Texas Installment Sales Contract" and contain no separate promissory notes, the same being incorporated within the body of the instrument. These provide for payment by the truck purchaser "at the office of Associates Discount Corporation at Dallas, Texas" and are assigned "with recourse" to appellee by appellants.

One exhibit entitled "Continuing Guaranty" is a broad guaranty agreement whereby appellants guarantee to Associates Discount Corporation to fully pay any and all indebtedness which now exists or which may hereafter accrue as the same becomes due. No place of payment is designated in this instrument.

At the time all of these instruments were introduced in evidence before the court on the hearing of the plea of privilege by appellee there was no objection voiced by appellants.

Appellants contend, in one point of error, that the trial court committed error in failing to sustain their plea of privilege to be sued in Wichita County because appellee had failed to demonstrate that the case fell within subdivision 5, Art. 1995, V.A.C.S., which provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, suit upon or by reason

of such obligation may be brought against him in such county. We cannot agree with appellants.

At the time appellants assigned each of the security agreements and promissory notes to appellee they guaranteed to appellee that the obligation reflected by the agreement and promissory note would be paid according to the tenor and effect of the instruments. In at least a number of these instruments the express obligation was to pay the amounts due at the office of Associates Discount Corporation in Dallas, Texas. We believe that this case is controlled by the law announced in Cullum v. Commercial Credit Co., 134 S.W.2d 822 (Tex.Civ.App., Amarillo 1939), which involves a very similar state of facts and wherein the court said:

"The effect of his contract of guaranty is to make him liable upon the instrument guaranteed by him unless, by his contract, he limits his liability and makes it less than that which is implied by the instrument or obligation which constitutes the subject of his guaranty. Such being the case the provisions of sub. 5 of Art. 1995 as amended are not violated by holding the guarantors liable in a situation such as that which is presented here because the import of the language used by them in their contract of guaranty was to name the particular county in which they contracted in writing to perform the obligation. By such contract appellants undertook the burden of discharging the note according to its terms and the note itself provided for payment at Amarillo which is in Potter County. *Their obligation to pay the note in that county was not by implication but by express terms of the contract.*" (Emphasis supplied.)

This case reaffirmed the earlier case of McCauley v. Cross, 111 S.W. 790 (Tex. Civ.App., 1908), and both cases have been reaffirmed in Carter v. Texas State Bank of Jacksonville, 189 S.W.2d 782 (Tex.Civ. App., Texarkana 1945). See also annotation in 97 A.L.R.2d 979, 980, and cases cited.

The endorsement of the notes, "with recourse", by appellants to appellee created a legal liability on appellants to discharge the obligation of the note according to its tenor. The Texas Uniform Commercial Code, Section 3.414, as well as its predecessor, Section 3–414, 59th Legislature, Chapter 721, 1965, provides expressly that unless the endorsement otherwise specifies (as by such words as "without recourse") every endorser engages that he will pay the instrument according to its tenor at the time of his endorsement to the holder. Accordingly, in at least several instances where the promissory notes contained express place of payment in Dallas, Texas, the endorsement by appellants "with recourse" to appellee constituted an express agreement to pay the obligation in accordance with the terms of the note.

Finally, the fact that a part of the obligations sued upon are payable in Dallas, Texas, and a part also being silent as to place of payment, does not render inapplicable the provisions of subsection 5, Art. 1995, V.A.C.S. In the very recent case of Mack Financial Corporation v. Gregg, 435 S.W.2d 310 (Tex.Civ.App., Dallas 1968), this court had occasion to apply the doctrine of Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935 (1894), to a state of facts similar to that here presented. There, we held that since one or more of a series of obligations were payable in a certain county the doctrine of *Middlebrook,* being a rule to avoid multiplicity of actions, should apply. We think the *Middlebrook* rule is likewise appropriate here. In order to avoid numerous lawsuits the case should be tried in Dallas County, the express place of payment in several of the obligations sued upon.

Appellants' point of error is overruled and the judgment of the trial court is affirmed.