**E. R. ROST et al., Appellants,**

v.

**FIRST NATIONAL BANK OF GONZALES,**
**Texas, Appellee.**

**No. 645.**

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 21, 1971.

James S. Miles, Taylor, for appellants.

R. L. Miller, Gonzales, for appellee.

OPINION

BISSETT, Justice.

This is a venue case. The First National Bank of Gonzales sued Western Specialty Beef Products, Inc., E. R. Rost, Ellen Rost and C. F. Rowsey to recover the balance due it on a note executed by Western Specialty Beef Products, Inc., and guaranteed by the Rosts and Rowsey up to certain specified sums of money. The Rosts, residents of Travis County, Texas, filed a plea of privilege to be sued in the county of their residence. The plaintiff bank controverted the plea of privilege and sought to maintain venue in Gonzales County, Texas under Subdivision 5 of Article 1995, Vernon's Ann.Civ.St., reading as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In a non-jury trial, the plea of privilege was overruled. E. R. Rost and Ellen Rost have appealed. We affirm. None of the other defendants filed a plea of privilege and are not parties to this appeal.

On March 30, 1967, Western Specialty Beef Products, Inc., a corporation, executed a promissory note in the original principal sum of $46,000.00, payable to the order of The First National Bank of Gonzales at its office in Gonzales, Texas, with interest thereon as therein specified, due on or before September 30, 1967. On the same day, March 30, 1967, and at the time of delivery of the note, the appellants, jointly and severally, by an instrument in writing guaranteed the payment of $10,000.00 of the principal of the note together with all interest that might thereafter accrue on the

guaranteed sum of $10,000.00. The guaranty contract, in part, reads as follows:

"WHEREAS, in the negotiations leading up to a loan by the First National Bank of Gonzales to Western Specialty Beef Products, Inc., for the sum of $46,000.00 and evidenced by the attached note in the principal sum of $46,000.00, dated March 30th, 1970, due on September 30, 1970, payable to the order of The First National Bank of Gonzales, bearing interest at the rate of 8½ per cent. per annum from date until paid, the undersigned E. R. Rost and his wife Ellen Rost agreed to guarantee the payment of $10,000.00 of the principal of said note, and the interest accrued on such amount of $10,000.00, and they now desire to reduce such guarantee to writing:

Now, therefore, for value received and in consideration of the premises and of the sum of $1.00 to us in hand paid by The First National Bank of Gonzales and prior to consummation of the loan evidenced by the attached note, we, the said E. R. Rost and Ellen Rost do jointly and severally guarantee the payment of $10,000.00 of the principal of the attached note, together with all interest which may hereafter accrue and fall due on said sum of $10,000.00, and we also guarantee the payment of $10,000.00 of the principal of any and all renewals and extensions of the attached note and the interest which may accrue on $10,000.00 of the principal of any and all renewals of the attached note."

The maker of the note defaulted and demand was made on the several guarantors of the note for payment of the specified sum theretofore guaranteed by each. All of the guarantors except appellants and Rowsey paid appellee the amounts of their respective guaranties. Suit was then filed by appellee against the maker on the note and against appellants and Rowsey to collect the amount of money guaranteed by each on the payment of the note.

Appellants contend that under the provisions of Subdivision 5 of Article 1995, V. A.C.S., as amended in 1935 by the Acts of the 44th Legislature, p. 503, ch. 213, § 1, venue of this case cannot be maintained in Gonzales County in disregard of their plea of privilege because the contract of guaranty which they signed does not, by its own terms, expressly name Gonzales County or a definite place therein where they agreed to perform the obligations created by the contract of guaranty.

The 1935 amendment, above mentioned, provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county or a definite place therein by such writing, suit upon such obligation may be brought against him either in such county or where he has his domicile. Our Supreme Court, in discussing the impact of this amendment, in the case of Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948), laid down the rule that venue may not be fixed by implication, but that in order to sustain venue in a particular county under the subdivision, as amended, the contract must have expressly named that county or some definite place therein where the defendant was obligated to perform. See Southwestern Transfer Company v. Slay, 455 S.W.2d 352 (Tex.Civ.App., Beaumont, 1970, n. w. h.); Reynolds & Huff v. White, 378 S.W.2d 923 (Tex.Civ. App., Tyler, 1964, n. w. h.).

In this case, we are concerned with two written instruments: (a) a note executed by Western Steel Specialty Beef Products, Inc. that is payable to appellee in Gonzales, Texas; and (b) a guaranty contract that was executed by appellants that does not on its face expresssly name Gonzales County or a definite place therein where it is to be performed. It was stipulated that Gonzales, Texas, is in Gonzales County, Texas.

The contract of guaranty made by appellants was absolute and unconditional. The contract of guaranty bound appellants, upon default of the maker, to pay appellee the

specified sum of money set out therein. The effect of such an unconditional guaranty was to bind appellants upon the note according to all its terms, subject only to the limitations as to the amount of money set forth in the body of the contract itself. Mr. Garrison, vice president of the appellee bank, testified that the guaranties made by the guarantors were "a material inducing factor to the bank to make the loan". It was admitted in oral argument that the matter of the loan and the guaranties were discussed by and between the appellee bank and the guarantors of the note before the loan was actually made and the execution of the note and all contracts of guaranty constituted one transaction. The contract of guaranty herein sued on refers to "the negotiations leading up to the loan," describes the note, and uses the phrase "the attached note" in several places.

We believe that this case is controlled by the law announced in Cullum v. Commercial Credit Co., 134 S.W.2d 822 (Tex.Civ. App., Amarillo, 1939, n. w. h.), where the factual situation is very similar to that in the case at bar. There, the note was made payable at Amarillo, which is in Potter County; the contract of guaranty did not name Potter County or a definite place therein where it was to be performed. The court discusses the effect of the 1935 amendment to subdivision 5 of the venue statute. It pointed out that "the contract, however, is one of guaranty and as a general rule the liability created by it is measured by that of the principal. It has long been so held in this as well as other jurisdictions unless a more limited or more extensive liability is specified by the guarantor". It was noted that the guaranty contract was absolute and unconditional. The court held that the guaranty contract bound the guarantors according to the terms of the note, including the duty to pay the note on default by the maker at the place specified in the note. In so holding, the court said:

"* * * The note became due and payable at Amarillo in Potter County

and we think the conclusion is inescapable that appellants are, by the law and also by the specific terms of the contract itself, bound by the venue provision of the note in the same manner as they are bound by its other provisions."

The Cullum case reaffirmed the holdings in the earlier cases of Looney v. Le Geirse & Co., 2 Willson Civ.Cas.Ct.App. § 531, p. 47; McCauley v. Cross, 111 S.W. 790 (Tex.Civ.App., 1908), and Citizens' State Bank of Alice v. Commonwealth Bank & Trust Co., 268 S.W. 1008 (Tex.Civ.App., San Antonio 1925). It was followed in Carter v. Texas State Bank of Jacksonville, 189 S.W.2d 782 (Tex.Civ.App., Texarkana 1945, n. w. h.); and in Laukhuf v. Associates Discount Corporation, 443 S. W.2d 725 (Tex.Civ.App., Dallas 1969, n. w. h.).

From the cases above cited, it is noted that our courts, in fact situations substantially similar to that presented by this appeal, have uniformly held that such a contract of guaranty as we have in this case shall be performed in the county or in a definite place therein where the note is expressly made payable. The effect of such a contract of guaranty is to make the contract of guaranty enforceable as to all of the terms and provisions set out in the note, including place of performance, unless the guarantor limits or restricts his liability or guarantee in some way. There is no such limitation or restriction present in this case. Therefore, Subdivision 5 of Article 1995, V.A.C.S., is not violated by holding that the payment due under the guaranty contract is due and payable at the place designated in the note because the impact of the language used by the guarantors in their contract of guaranty was to name a definite place in the particular county in which they contracted in writing to perform their obligation. By such contract, appellants, upon default by the maker of the note, absolutely and unconditionally agreed to make payment in the sum of money specified according to the terms of the note, which by its terms was payable in

**582**

Gonzales, Texas, which is in Gonzales County. Their obligation to make payment on the note in Gonzales County was not by implication but by express terms of the contract. Appellants' point of error is overruled.

The judgment of the trial court is affirmed.

SHARPE, J., not participating.