Franklin **BOTTOMS** and Southwestern
**Bricklaying Company, Appellants,**

v.

**Jerry F. LYONS, Trustee, Appellee.**

No. 8247.

Court of Civil Appeals of Texas,
Amarillo.

Sept. 18, 1972.

Thomas V. Priolo, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare &
Berry, Jerry F. Lyons, Amarillo, for appellee.

JOY, Justice.

This is an appeal from a judgment
granted by the trial court designated in
the body of the judgment as a partial summary judgment against Bottoms and Boyce,
and as a confession of judgment as to

Southwestern Bricklaying Company. Affirmed in part and reversed and remanded in part.

Southwestern Bricklaying Company (Southwestern hereinafter) incurred a debt for legal fees to the law firm of Underwood, Wilson, Sutton, Heare & Berry (law firm hereinafter) in the amount of $4,129.35. M. A. Boyce, Jr. (Boyce hereinafter) purchased equipment belonging to Southwestern and executed a note in payment therefor in the amount of $2,400.00 payable to Franklin Bottoms, who was an officer of Southwestern, (Bottoms hereinafter) in twelve monthly installments of $200.00 each. Bottoms indorsed the note over to the law firm as partial payment of the legal fees owed by Southwestern. There remained unpaid $1,400.00 on the note and $1,729.35 as a balance due on the legal fees debt. The law firm indorsed the note to Jerry F. Lyons, a member of the law firm, as trustee, and suit was brought upon the note against Boyce and Bottoms and upon the $1,729.35 against Southwestern. The trial court granted a partial summary judgment against Bottoms and Boyce in the amounts of $1,400.00 plus interest in the amount of $317.10 and attorney fees in the amount of $350.00 plus court costs. The order granted judgment against Southwestern in the amount of $1,729.35. Boyce did not appeal and therefore is not involved here. Bottoms and Southwestern purported to appeal and the matter of Southwestern's appeal is referred to separately hereinafter.

■ Appellants by their first point of error complain of the granting of attorney fees on the note contending a fact question was raised as to the reasonableness of the fee. From the state of the record we agree. The amount of $350.00 attorney fee granted was a figure contended by appellee's affidavit as a reasonable fee. What is a reasonable attorney fee is a question of fact material to the case and in this summary judgment proceeding, the opinion stated in the affidavit, as our Supreme Court has held and reaffirmed in Brous-

sard v. Moon, 431 S.W.2d 534 (Tex.Sup. 1968), does not establish any material fact as a matter of law. Although Article 2226, Vernon's Ann.Civ.St., provides that the court may take judicial knowledge of the State Bar minimum fee schedule and that the amount as shown shall be prima facie evidence of reasonable attorney fees, nowhere does the record reflect that the trial court considered that schedule. Appellee agrees that the amount of attorney fees awarded is not the amount as shown by the State Bar minimum fee schedule but something less. Appellee in his original brief agreed to a remittitur but by supplemental brief contends for the fee and therefore we assume has abandoned his original position. Appellants' first point of error is sustained.

■ Appellants by their second point of error contend that fact questions were raised by appellants' opposing affidavit. The affidavit recites that Bottoms indorsed the note individually and not as agent for Southwestern through a unilateral mistake by reason of his lack of legal training. The note was made out to Bottoms as payee with no reference to Southwestern. Bottoms then indorsed the note to the law firm as partial payment of attorney fees previously incurred by Southwestern. An indorser is liable to the holder of an instrument unless the indorsement specifies otherwise. V.T.C.A., Bus. & C., § 3.414. Appellants' affidavit does not contend that the note holder had any knowledge of Bottoms' mistake or that there existed any elements of misrepresentation or fraud on the part of the holder of the note or a mutual mistake of the parties. The parole evidence rule applies and Bottoms cannot escape liability since he cannot testify as to his unilateral mistake of intent. See 9 Tex. Jur.2d, Bills and Notes, §§ 232–237.

■ Although appellants' brief contends that Southwestern is a party to this appeal and that no judgment should have been granted against Southwestern, a careful review of the record discloses that no notice of appeal was given nor appeal bond

filed on the behalf of Southwestern. Therefore, appellee's counterpoint in regard thereto is sustained. Rules 353 and 354, Texas Rules of Civil Procedure.

That portion of the judgment of the trial court awarding attorney fees is reversed and remanded with the remainder of the judgment otherwise affirmed. The costs of this appeal are charged one-half to Bottoms and one-half to the law firm.