**Burtram C. HOPKINS, II, Appellant,**

v.

**FIRST NATIONAL BANK AT BROWNSVILLE, Texas, Appellee.**

**No. 1112.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1976.

Rehearing Denied Feb. 17, 1977.

Steven W. Stark, Cox, Wilson, Black & Stark, Brownsville, Daniel Miller, Dallas, for appellant.

C. Fount Ray, Ransome & Ray, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This is a venue case involving subdivision 5(a) of Tex.Rev.Civ.Stat.Ann. art. 1995 (Supp.1976). The First National Bank of Brownsville, Texas, instituted suit against Southwestern Dynamics, Inc. (SDI), Thomas Woodward, Howard L. Crow, Jr., Donald Kerr and Burtram C. Hopkins, II. Plaintiff, a national banking association, sued SDI when it allegedly defaulted upon a note. Woodward, Crow, Kerr and Hopkins were sued upon a contract of guaranty which they executed and guaranteed the payment of the indebtedness of SDI.

Defendant Hopkins filed a plea of privilege to be sued in Dallas County, the county of his residence. Plaintiff filed a controverting plea. The trial court overruled the plea of privilege and defendant Hopkins appeals.

On October 1, 1974, SDI executed a note for $37,500 payable to plaintiff Bank which provided in part:

"For value received, I, we . . . promise to pay to the order of FIRST NATIONAL BANK AT BROWNSVILLE, at its banking house in Brownsville, Cameron County, Texas, the sum of THIRTY SEVEN THOUSAND FIVE HUNDRED AND 00/100 . . ..

\*    \*    \*    \*    \*    \*

This note is secured by Guaranty of . . . Burtram C. Hopkins II."

The president of plaintiff bank testified that the note sued upon was merely in renewal of the balance due on October 1, 1974 of an original note which was executed at or about the time of the execution of the guaranty contract on January 22, 1974. The contract of guaranty, in part, provided:

"FOR VALUE RECEIVED and in consideration of any loan or other financial accommodation heretofore or hereafter at any time made or granted to Southwestern Dynamics, Inc. (the 'Debtor') by First National Bank at Brownsville, Texas, (hereinafter, together with its successors and assigns, called the 'Bank'), the undersigned (the 'Guarantor') hereby unconditionally guarantees the full and prompt payment when due, whether by acceleration or otherwise, and at all times thereafter, of all obligations of the Debtor to the Bank, howsoever created, arising or evidenced, whether direct or indirect, absolute or contingent, or now or hereafter existing, or due or to become due (all such obligations being hereinafter collectively called the 'Liabilities'), and the Guarantor further agrees to pay all expenses (including attorneys' fees and legal expenses) paid or incurred by the

Bank in endeavoring to collect the Liabilities, or any part thereof, and in enforcing this guaranty. The right of recovery against the Guarantor is, however, limited to the amount of Fifty thousand and no/100 Dollars ($50,000.00) plus interest on such amount and plus all expenses of enforcing this guaranty."

The contract of guaranty further provided: the guaranty "shall be a continuing, absolute and unconditional guaranty", and the Bank "may, from time to time, without notice to Guarantor . . . extend or renew for any period (whether or not longer than the original period), alter or exchange any of the Liabilities".

The Bank president further testified that the original note represented a line of credit that Southwestern Dynamics had with the Bank which totalled $37,500 on October 1, 1974 when the renewal note was executed. The loan made on the original note would not have been made had it not been for the guaranty of defendant Hopkins and other defendants.

Subdivision 5(a) of Tex.Rev.Civ.Stat.Ann. art. 1995 (Supp.1976). The general revenue statute, provides an exception to venue in the domicile of defendant when:

". . . a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Hopkins contends that Subdivision 5(a) does not apply to the suit against him since the contract on which he is sued does not, itself, *expressly* name Cameron County, or a definite place therein, as the place of performance. We do not agree.

The function and office of the contract in this case was collateral to the original loan, which would not have been made had Hopkins and the other guarantors not executed the contract. Under the evidence, the contract cannot be read or considered independently of the original note, and the guarantees contained in the contract not only guaranteed the performance of current obligations of SDI, but of future obligations as well. The original note was not introduced into evidence for the reason that it was not in the Bank's possession at the time of the hearing as it was delivered to SDI, the maker, at the time of the execution of the renewal note by SDI. However, the president of the Bank testified, without objection, that both the original note and the renewal note were on a printed form, that the appropriate blanks were filled in as loans were made, and that the original note and the renewal note were in the same form. The renewal note, which was introduced in evidence, had printed on the form the words:

". . . promise to pay to the order of FIRST NATIONAL BANK AT BROWNSVILLE, at its banking house in Brownsville, Cameron County, Texas, the sum of . . .."

It was established by the evidence that the original note was to be paid at a definite place in Cameron County, Texas.

This case is quite similar to *Cullum v. Commercial Credit Co.*, 134 S.W.2d 822 (Tex.Civ.App.—Amarillo 1939, no writ). There, a partnership sold an automobile to buyer in exchange for a note and chattel mortgage with the note providing that payment was to be in a certain county. The partnership assigned the note and chattel mortgage to plaintiff and later gave plaintiff a guarantee in writing which referred to "such" promissory note, "said" promissory note and "said" note. The Court noted that an unconditional and absolute contract of guaranty obligated the guarantors to pay a sum of money which may and usually is specified in another instrument and said:

"The note, according to its specific terms, was payable at the city of Amarillo, which is located in Potter County. The contract of guaranty did not create an obligation of the guarantors to pay a sum of money specified therein as would a promissory note, but bound them, upon default of the maker, to pay the sum of money specified in another instrument, viz., the promissory note which had there-

tofore been executed by George W. Taylor. It was essentially a contract of guaranty and was unconditional. Its effect was to bind appellants to pay the note of Taylor upon the sole contingency of Taylor's default. Being a general and unconditional guaranty its effect was to bind appellants upon the note according to all of its terms. In addition to the legal obligation created by such contract, the guaranty contract itself provides that in consideration of appellee's purchase of the note appellants guarantee the prompt payment of same and each and every installment thereof 'as the same shall become due and payable.' The note became due and payable at Amarillo in Potter County and we think the conclusion is inescapable that appellants are, by the law and also by the specific terms of the contract itself, bound by the venue provision of the note in the same manner as they are bound by its other provisions."

     *     *     *     *     *     *

". . . the liability of a guarantor 'is in general measured by that of the principal and will be so construed unless a less or greater liability is expressly assumed by the guarantor.' "

On the basis of this reasoning, the court held that the guarantor had by the nature of the guaranty become bound by the venue provision of the note. The rule announced in the *Cullum* case has been cited with approval by cases that are factually similar to the present case. We take note of two of such cases.

In *Carter v. Texas State Bank of Jacksonville,* 189 S.W.2d 782 (Tex.Civ.App.— Texarkana 1945, no writ), the defendant agreed to guarantee "the indebtedness of A. F. Barnhill and G. T. Murphy which at this time is approximately $3,500.00." The guarantee applied to "additional amounts" not to exceed $5,000. All notes and renewals executed by Murphy and Barnhill were made payable at Jacksonville, Texas. Although the terms of the guaranty failed to refer to specific notes, it was held that the "import of the terms was to name the particular county" in which defendant had contracted in writing to perform the guaranty.

The more recent case, *Laukhuf v. Associates Discount Corporation,* 443 S.W.2d 725 (Tex.Civ.App.—Dallas 1969, no writ), involved a suit on the endorsement of security agreements. Sellers took seventeen security agreements with promissory notes attached to them and contemporaneously assigned them to plaintiff. Some of the security agreements had attached notes which provided a specific place of payment. The sellers executed a contract of guaranty to plaintiff in *very general* terms promising "to fully pay any and all indebtedness which now exists or which may hereafter accrue as same becomes due" without specifying a place of performance. The court cited the *Cullum* case as controlling, and held that the effect of the unconditional guaranty was to include the place of performance provided in the notes "not by implication but by the express terms of the contract".

Although in *Cullum,* the guaranty made reference to a specific note, the rationale of that case is consistent with the case at bar. Here, the contract was absolute and unconditional. Hopkins became obligated to discharge all provisions of the original note and all provisions of a renewal note as well. The contract, when read and considered along with the original and renewal notes, bound Hopkins to pay the balance due on the renewal note, after default by SDI, at a definite place in Cameron County, Texas. We have considered all of Hopkins' points of error, and they are overruled.

The judgment of the trial court is AFFIRMED.