**BRIDEWELL DEVELOPMENT CORPORATION et al., Appellants,**

v.

**AMERICAN GENERAL INVESTMENT CORPORATION, Appellee.**

No. 1671.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 27, 1977.

Sander L. Esserman, Roger D. Marshall, Freytag & Marshall, Dallas, for appellants.

Dan S. Boyd, John B. Holstead, Vinson & Elkins, Houston, for appellee.

CIRE, Justice.

Defendants appeal the overruling of their pleas of privilege.

Appellee American General Investment Corp. brought suit in Harris County against appellant Bridewell Development Corp. as maker of a note and against appellants Billy Bridewell and Robert W. Bridewell as guarantors of the note.

Each of the appellants filed a plea of privilege to be sued in their respective counties of residence: Bridewell Development Corp. in Dallas County, Billy Bride-well in Smith County, and Robert W. Bridewell in Collin County. Appellee then filed a controverting affidavit stating that exceptions to exclusive venue in the appellants' counties of residence existed under subdivisions 5(a) and 29a of the venue statute, Tex.Rev.Civ.Stat.Ann. art. 1995 (1976). Subdivision 5(a) provides:

(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

The note read:

Houston, Texas, December 14, 1972

At the maturity hereof, after date, without grace, for value received BRIDE-WELL DEVELOPMENT CORPORATION, a Texas Corporation, does promise to pay to the order of the American General Investment Corporation at its office in the City of Houston, Texas . . . .

At the hearing on the pleas of privilege, appellants contended that Houston, Texas has been in three counties since 1965—Harris, Fort Bend, and Montgomery—and that a recitation in the note that it was payable at American General Investment Corp.'s offices in Houston, Texas, did not specify a county in which the contract was to be performed. L. O. Benson, senior vice-president and secretary of American General Investment Corp., testified that the offices of the corporation were at 2727 Allen Parkway in Houston, Harris County, Texas. This testimony was uncontroverted. After hearing argument of counsel, the district court denied appellants' pleas of privilege.

Appellants attack the court's ruling by three points of error. The first point asserts venue in Harris County could not be maintained as to Bridewell Development Corp. under article 1995, subdivision 5(a). We disagree. The contract names a definite place for performance, i. e., the offices of American General Investment Corp. in Houston, Texas. If a written instrument

states a definite place where the contract is to be performed, such definite place may be identified as being located within a particular county by extraneous proof. *Burtis v. Butler Bros.,* 148 Tex. 543, 549, 226 S.W.2d 825, 829 (1950); *Vahlsing, Inc. v. Esco, Ltd.,* 496 S.W.2d 652, 654 (Tex.Civ.App.-Corpus Christi 1973, writ dism'd). The undisputed evidence established these offices to be in Harris County.

In their second point of error, appellants contend venue cannot be maintained in Harris County as to Billy Bridewell and Robert W. Bridewell, as guarantors on the note, under subdivision 5(a). Each of the contracts of guaranty state that

> . . . as an inducement to AMERICAN GENERAL INVESTMENT CORPORATION, a Texas corporation with offices in Houston, Harris County, Texas . . . Guarantor, absolutely and unconditionally, guarantees the prompt, complete and full payment at maturity of all sums payable and to be payable on said Note . . . .

An absolute and unconditional guaranty includes all of the note's terms and, if the note states it is payable at a definite place, then the guaranty must be held to provide for performance at a definite place. *Hopkins v. First Nat'l Bank,* 546 S.W.2d 84 (Tex.Civ.App.-Corpus Christi 1976), *writ ref'd n. r. e. per curiam,* 551 S.W.2d 343, 345 (Tex.Sup.1977). The point is overruled.

In view of our holding on point of error number 2 we need not decide the third point, asserting that venue as to appellants Billy Bridewell and Robert W. Bridewell could not be maintained in Harris County under subdivision 29a.

Affirmed.