**Reversed and Remanded and Memorandum Opinion filed July 25, 2017.**



In The

# Fourteenth Court of Appeals

NO. 14-16-00053-CV

**JAMES RUTHERFORD, Appellant**

**V.**

**6353 JOINT VENTURE, Appellee**

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2010-79144**

## M E M O R A N D U M   O P I N I O N

Appellant James Rutherford guaranteed payment of a promissory note payable to appellee 6353 Joint Venture. When the note went unpaid, 6353 sued Rutherford on the guaranty. 6353 moved for summary judgment on its claim, which the trial court granted. Although Rutherford raises three issues in this appeal, we need only address his first and second issues.

Rutherford initially complains that the trial court erred when it refused to

dismiss 6353's lawsuit on the ground that 6353 did not have standing at the time the suit was filed because it had assigned the Promissory Note to a third party. We overrule this issue because the record establishes that 6353, even if it had assigned the Promissory Note, possessed standing at the time it filed suit as a result of its indorsement of the Promissory Note with recourse.

Rutherford argues in his second issue that the trial court erred when it granted 6353's motion for summary judgment because 6353 failed to prove as a matter of law (1) that it was the owner or holder of the Promissory Note, and (2) the amount owed under the Promissory Note. We sustain this issue because 6353 failed to prove the amount owed under the guaranty as a matter of law. We therefore reverse the trial court's summary judgment and remand the case to the trial court for further proceedings.

## BACKGROUND

Rutherford is the owner of 6300 Interests, Ltd. He is also the majority shareholder in Quality Infusion Care, Inc. On June 11, 2009, 6353 loaned 6300 Interests and Quality Infusion Care $675,000 to finance the purchase of condominiums. Rutherford signed the Promissory Note as president of both entities. Simultaneously, Rutherford personally guaranteed payment of the Promissory Note executed by 6300 Interests and Quality Infusion Care. 6300 Interests and Quality Infusion Care allegedly defaulted on the Promissory Note and 6353 sued Rutherford on the guaranty.

6353 eventually moved for summary judgment on its claim against Rutherford. 6353 sought to recover the unpaid balance of the note and its attorney's fees. In addition to filing a summary judgment response, Rutherford filed a motion to dismiss the lawsuit arguing that 6353 lacked standing at the time it filed suit because the Promissory Note had been assigned to Texas Capital Bank. The trial

2

court never directly ruled on Rutherford's motion to dismiss. It did grant 6353's motion for summary judgment, however, awarding 6353 the principal sum of $390,000, $39,000 attorney's fees through trial, as well as additional attorney's fees if Rutherford unsuccessfully appealed the judgment. This appeal followed.

ANALYSIS

## I.     6353 had standing at the time suit was filed.

Rutherford asserts in his first issue that the trial court erred when it failed to dismiss 6353's lawsuit. Rutherford argues that 6353 did not have standing at the time the suit was originally filed because it had previously assigned the promissory note to Texas Capital Bank.

### A.     Standard of review and applicable law

Standing, a component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining suit. *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993); *Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Standing requires that there exist a real controversy between the parties that will actually be determined by the judicial declaration sought. *Sammons & Berry, P.C. v. Nat'l Indem. Co.*, No. 14-13-00070-CV, 2014 WL 3400713, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2014, no pet.) (mem. op.) (citing *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1999)). The plaintiff must have a personal stake in the litigation, and his injury must be actual or imminent. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008).

Standing must exist at the time a plaintiff files suit. *Martin v. Clinical Pathology Lab., Inc.*, 343 S.W.3d 885, 888 (Tex. App.—Dallas 2011, pet. denied); *In re Vogel*, 261 S.W.3d 917, 921 (Tex. App.—Houston [14th Dist.] 2008, orig.

proceeding). If the plaintiff lacks standing at the time suit is filed, the case must be dismissed even if the plaintiff later acquires an interest sufficient to support standing. *Martin*, 343 S.W.3d at 888.

A party's standing to pursue and maintain a cause of action is a question of law that we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). When reviewing the question of standing, we take the allegations in the plaintiff's petition as true and construe them in favor of the plaintiff. *Tex. Ass'n. of Bus.*, 852 S.W.2d at 446. In addition to the pleadings, we may also consider relevant evidence and must do so when necessary to resolve the jurisdictional issue. *Id.*

### B.     As an indorser with recourse, 6353 had an obligation to pay the note when it sued Rutherford on his guaranty.

Rutherford argues that 6353 did not have standing at the time it filed suit because it had assigned the Promissory Note to Texas Capital Bank on June 11, 2009, and the note had not been returned to 6353 by the time it filed suit in December 2010. In support of his motion to dismiss, Rutherford filed with the trial court a copy of the Promissory Note. The copy reflects that on June 11, 2009, 6353 indorsed the note "pay to the order of Texas Capital Bank, National Association with recourse."[1] Rutherford also filed a copy of the "Collateral Transfer of Note (Security Agreement)" executed by 6353. The Collateral Transfer provides, in part, that 6353 "transfers, assigns and conveys unto Texas Capital Bank, National Association, hereinafter called 'Secured Party' . . . , the promissory note (herein called Collateral and in which [6353] grants to Secured Party a Security Interest) and all liens, rights, titles, equities and interest securing the same, including but not limited to any and

---

[1] The promissory note also has two further indorsements. In the first, Texas Capital Bank indorsed the promissory note to DG Interests, Inc., without recourse. In the second, DG Resources indorsed the promissory note to 6353, without recourse. Neither of these indorsements is dated.

all guarantees, assignments of rents and leases, security agreements, and any other security instruments, and including all proceeds therefrom, . . . ." 6353 argues in response that it had standing to file suit because the Promissory Note was not "sold or gifted to Texas Capital Bank. It was pledged as collateral."

We need not decide what impact, if any, the Collateral Transfer may have had on 6353's standing to file suit to collect on Rutherford's guaranty because we conclude 6353 had standing based on its indorsement of the Promissory Note "with recourse." *See* Tex. Bus. & Com. Code Ann. § 3.204(a) (West 2015) (defining indorsement as including a signature on an instrument made for the purpose of "negotiating the instrument," or "incurring indorser's liability on the instrument"); *cf. id.* § 3.415(b) ("If an indorsement states that it is made "without recourse" or otherwise disclaims liability of the indorser, the indorser is not liable under Subsection (a) to pay the instrument."). 6353's indorsement of the Promissory Note "with recourse" obligated 6353 to pay the holder of the Promissory Note if 6300 Interests and Quality Infusion did not. *Jongebloed v. Horkey Oil Co., Inc.*, No. 07-03-0052-CV, 2005 WL 839290, at *2 (Tex. App.—Amarillo April 12, 2005, pet. denied) (mem. op.); *Bottoms v. Lyons*, 487 S.W.2d 813, 814 (Tex. Civ. App.—Amarillo 1972, no writ); *Laukhuf v. Associates Discount Corp.*, 443 S.W.2d 725, 727 (Tex. Civ. App.—Dallas 1969, no writ) ("The endorsement of the notes, 'with recourse', by appellants to appellee created a legal liability on appellants to discharge the obligation of the note according to its tenor.").

6353 offered evidence that 6300 Interests and Quality Infusion had defaulted on the Promissory Note prior to the time 6353 filed suit. Their default matured 6353's obligation as an indorser to pay the Promissory Note and, as a result, 6353 had standing at the time suit was filed to pursue Rutherford on the guaranty he executed. *See Jongebloed*, 2005 WL 839290, at *2 ("Petro's default in the timely

5

payment of the note matured Horkey's absolute and non-contingent obligation to pay the note and provided Horkey the additional ground to prosecute the action to enforce Jongebloed's unconditional guaranty of prompt payment of the note . . . ."). We hold 6353 had standing at the time it originally filed suit and overrule Rutherford's first issue.

## II.   The trial court erred in granting 6353's motion for summary judgment.

### A.   Standard of review and applicable law

Rutherford argues in his second issue that 6353 did not establish its entitlement to summary judgment on its claim against him. We review the trial court's grant of summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.2d 184, 192 (Tex. 2007)). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In particular, a plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). To prevail on summary judgment on a claim for breach of a guaranty, the plaintiff must establish (1) the existence and ownership of the guaranty; (2) the terms of the underlying contract by the holder; (3) the occurrence of the condition on which liability is based;

and (4) the guarantor's failure or refusal to perform the promise. *See Wasserberg v. Flooring Servs. of Tex., LLC*, 376 S.W.3d 202, 205 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The nonmovant has no burden to respond to a motion for summary judgment unless the movant conclusively establishes each element of its causes of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

**B.      6353 failed to establish as a matter of law the amount Rutherford owed on the guaranty.**

Rutherford makes two complaints on appeal regarding the trial court's summary judgment. Rutherford initially contends that 6353 failed to establish as a matter of law that 6353 owned or held the Promissory Note. Second, Rutherford asserts that there is a genuine issue of material fact on the amount owed under the guaranty. We need not address Rutherford's first contention because even if we assume without deciding that 6353 owned or held the Promissory Note, we conclude there is a fact issue regarding the amount owed under the guaranty.

During the course of the litigation, 6353 filed four motions for summary judgment, and the trial court granted 6353's fourth motion. In his response to 6353's fourth motion, Rutherford pointed out that 6353 had attached a different affidavit by David Greenberg, 6353's authorized agent, to each motion. In his first affidavit, dated February 3, 2014, Greenberg swore under oath that Rutherford "had an outstanding debt in the principal amount of $285,000.00. . . ." In his second, dated October 31, 2014, Greenberg swore that Rutherford owed the principal amount of $675,000. Greenberg offered no explanation for the almost $400,000 increase in the amount owed. In his third affidavit, dated January 21, 2015, Greenberg swore that Rutherford owed a principal amount of $285,000. Greenberg again offered no explanation for the change. Finally, in his fourth affidavit, dated June 18, 2015,

7

Greenberg swore that Rutherford owed $390,000. Greenberg then explained that he had "previously represented to the Court that the principal debt was $285,000.00. That was due to a mathematical mistake on my part." Greenberg did not explain the nature of his mathematical mistake. Rutherford argued in the trial court that these conflicting affidavits, with no explanation of the conflict beyond a conclusory assertion of a mathematical error, were insufficient to support summary judgment because they created a fact issue on the amount due under the guaranty.

After reviewing the four sworn affidavits stating three different amounts owed, with no explanation beyond a conclusory assertion of mathematical mistake as to one of the amounts, we hold that 6353 failed to prove as a matter of law the amount Rutherford owed on the guaranty. *See 1001 McKinney Ltd. v. Credit Suisse First Bos. Mortg. Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (explaining that statement is conclusory if it does not provide underlying facts to support the conclusion, and such statement is insufficient to support summary judgment); *Whitaker v. Huffaker*, 790 S.W.2d 761, 763 (Tex. App.—El Paso 1990, writ denied) ("[O]nce filed, an affidavit in support of summary judgment is subject to consideration in connection with a subsequent amended motion even though not attached to the latter."); c*f. Hartney v. Mustang Tractor & Equip. Co.*, No. 04-03-00108-CV, 2004 WL 86140, at *3 (Tex. App.—San Antonio Jan. 21, 2004, no pet.) (mem. op.) (concluding affidavit asserting opponent's records contained mathematical errors with no further explanation was conclusory and therefore insufficient to raise fact issue). The trial court therefore erred when it granted 6353's motion for summary judgment. We sustain Rutherford's second issue.

### CONCLUSION

Having sustained Rutherford's second issue on appeal, we reverse the trial

court's summary judgment and remand this case to the trial court for further proceedings.[2]

/s/    J. Brett Busby
        Justice

Panel consists of Justices Boyce, Busby, and Wise.

---

[2] Because we reverse the trial court's summary judgment based on Rutherford's second issue, we need not address his third issue challenging the judgment's award of attorney's fees to 6353. Tex. R. App. P. 47.1.